UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY FRIEND, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | 1:18-cv-07644 |
| | ) | |
| FGF BRANDS (USA) INC., et. al. | ) | |
| | ) | |
| *Defendants.* | ) | |

## THE KROGER CO.'S MOTION TO QUASH SUBPOENA AND FOR ATTORNEYS' FEES AND COSTS

NOW COMES Intervenor Defendant/Subpoena Respondent, THE KROGER CO., by and through its counsel, Sara R. Strom and Joel D. Groenewold of Kopka Pinkus Dolin, P.C., and pursuant to Federal Rule of Civil Procedure 45, hereby moves this Honorable Court to Quash Plaintiff's Subpoena and for Attorney's Fees and Costs, and in support thereof, states as follows:

### SUMMARY OF FACTS

On April 9, 2020, Plaintiff Emily Friend, through attorney Katrina Carroll of Carlson Lynch, LLP, made twelve (12) itemized requests via subpoena from The Kroger Co., who is not a party to the referenced lawsuit. *Pl.'s April 9, 2020 Subpoena, attached hereto as Ex. 1.* Specifically, Plaintiff requests The Kroger Co. produce a corporate representative who is most knowledgeable with regard to six (6) very broad topics involving The Kroger Co.'s customers, members, products, competing products, and sales for a period of approximately eight (8) years between November 12, 2012 and the present. *See Ex. 1, Ex. A; pp. 9-10.* Additionally, Plaintiff requests The Kroger Co. produce documents regarding the information it records or maintains concerning its customers, members, products, competing products, and sales for a period of approximately eight (8) years between November 12, 2012 and the present. *See Ex. 1, Ex. B; pp.*

*11-12.* Purportedly, the only reason for the subpoena is that Plaintiff is seeking to obtain information from The Kroger Co., which includes all Kroger, Roundy's, and Mariano's grocery stores, regarding the purchases of various products manufactured or distributed by Defendants FGF Brands (USA) Inc. or FDF Brands, Inc.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas, which are typically directed to nonparties. *Young v. City of Chi.,* No. 13 C 5651, 2017 U.S. Dist. LEXIS 394, at *10 (N.D. Ill. Jan. 3, 2017). The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules. *Graham v. Casey's Gen. Stores, Inc.,* 206 F.R.D. 251, 253-54 (S.D. Ind. 2002) (citing *Jackson v. Brinker,* 147 F.R.D. 189, 193-94 (S.D. Ind. 1993) ("the scope of material obtained by a Rule 45 subpoena is as broad as permitted under the discovery rules. . . if the material is relevant, not privileged, and is, or is likely to lead to, admissible evidence, it is obtainable by way of a subpoena"). "[S]ubpoenaed non-parties have the right to challenge the burdensomeness and expense of responding to the subpoena." *Rosales v. Placers, Ltd.,* No. 09 C 1706, 2011 U.S. Dist. LEXIS 23384, at *3-4 (N.D. Ill. Mar. 8, 2011) (citing *Silverman v. Motorola, Inc.,* No. 07 C 4507, 2010 U.S. Dist. LEXIS 81671, at *5 (N.D. Ill. June 29, 2010)). Indeed, "[n]on-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Whitlow v. Martin*, 263 F.R.D. 507, 512 (C.D. Ill. 2009).

Rule 45 provides in relevant part as follows:

(d) Protecting a Person Subject to a Subpoena; Enforcement.
(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

FRCP 45(d)(1).

Furthermore, Rule 45 provides that when a person commands another person to produce materials or permit inspection:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested.

FRCP 45(d)(2)(B). The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. *Id.*

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

> (i)   fails to allow a reasonable time to comply;
>       . . .
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv)  subjects a person to undue burden.

FRCP 45(d)(3)(A). The party seeking to quash a subpoena bears the burden of meeting the requirements articulated under Rule 45(d)(3). *In re Subpoena,* No. 16-cv-4619, 2016 U.S. Dist. LEXIS 72483, at *5 (N.D. Ill. June 3, 2016). Deciding whether to grant a motion to quash lies with the sound discretion of the district court. *Lightspeed Media Corp. v. Smith,* No. 3:12-cv-889-DRH-SCW, 2014 U.S. Dist. LEXIS 20252, at *3 (S.D. Ill. Feb. 19, 2014). To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may further, on motion, quash or modify the subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information…" FRCP 45(d)(3)(B)(i); *see also Davis v. City of Springfield, Ill.,* No. 04-3168, 2009 U.S. Dist. LEXIS 26806, 2009 WL 910204 at *2 (C.D. Ill. Apr. 1, 2009).

## ARGUMENT

The subpoena in the instant case requests deposition testimony as well as document production. *See Ex. 1.* Particularly, Plaintiff requests deposition testimony regarding and documents regarding, in summary:

1) *All information* that The Kroger Co. records or maintains concerning all of its customers and members between November 12, 2012 and the present;
2) *All customer and product-related information* that The Kroger Co. records or maintains *during any retail and online transaction* from November 12, 2012 through the present;
3) *All information* with respect to customers who purchased the Products or Competing Products from November 12, 2012 through the present;
4) *Each occasion* during which customers *purchased* the Products or Competing Products *from one of The Kroger Co.'s stores in the United States*;
5) *The Kroger Co.'s relationship with FGF, including communications with FGF and any documents or information provided to FGF relating to how much of the Products or Competing Products The Kroger Co. sold in the United States as a whole, and each state individually*, from November 12, 2012 through the present; and
6) Information regarding *each of the Products or Competing Products The Kroger Co.* sold *in the United States* from November 12, 2012 through the present, *and on a monthly basis and broken down by state*: (1) average retail price; (2) net units sold; and (3) total net sales.

*Ex. 1, Ex. A and B (emphasis added).*

Well known to the plaintiff and the general public is the fact that The Kroger Co. owns and operates over 2,600 stores including Kroger, Roundy's, and Mariano's grocery stores across the United States. Plaintiff seeks information regarding all customers, members, and purchases throughout the United States for a period of eight years from November 12, 2012 and the present. Plaintiff further seeks information regarding protected, confidential business information regarding its customers, business operations, and industry relationships.

The Kroger Co. has timely responded to Plaintiff's Subpoena with a written objection to the same pursuant to Rule 45(d)(2)(B). *See The Kroger Co.'s Objections to Pl.'s Subpoena, attached hereto as Ex. 2.* The Kroger Co. now further requests that this court quash Plaintiff's

subpoena because it is overbroad, seeks irrelevant testimony and documentation, is not substantially limited in time and scope, and is not reasonably calculated to lead to the discovery of admissible evidence.

An overly broad subpoena may be quashed pursuant to Federal Rule of Civil Procedure (d)(3)(A)(iv) as unduly burdensome. *Id.; see also Margoles v. United States,* 402 F.2d 450, 451 (7th Cir. 1968) (holding that the district court did not abuse its discretion in granting the Government's motion to quash subpoenas as unreasonable as much too broad); *WM High Yield v. O'Hanlon,* 460 F. Supp. 2d 891, 896 (S.D. Ind. 2006) (finding "Deloitte's subpoena inflicts an undue burden because the requests are overly broad and not reasonably calculated to lead to the discovery of admissible evidence per Rule 26").

When determining if a burden is undue, courts have used the reasonableness standard. *Flynn v. FCA U.S. LLC,* No. 16-mc-00078 DGW, 2016 U.S. Dist. LEXIS 165278, at *5 (S.D. Ill. Nov. 30, 2016). The question of what is reasonable, of course, depends upon the particular circumstances of the case. *Id.* A non-party is entitled to "somewhat greater protection" than would a party be entitled. *Id.* (citing Patterson v. Burge, No. 03 C 4433, 2005 U.S. Dist. LEXIS 1331, 2005 WL 43240, *1 (N.D .Ill. 2005)). The court must ask whether 'the burden of compliance with [the subpoena] would exceed the benefit of production of the material sought by it.'" *Shaffner*, 626 F.2d at 38 (citing *Nw. Mem'l. Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004)). A court can 'modify or exclude portions of a subpoena only if the movant carries the difficult burden of showing that the demands are unduly burdensome or unreasonably broad.' *EEOC v. Konica Minolta Business Solutions U.S.A., Inc.,* 639 F.3d 366, 371 (7th Cir. 2011) (citing *EEOC v. United Airlines, Inc.,* 287 F.3d 643, 649 (7th Cir. 2002); *FTC v. Shaffner*, 626 F.2d 32, 38 (7th Cir. 1980)).

In the instant matter, Plaintiff's subpoena requests an unlimited amount of data over a period of eight years from thousands of grocery stores throughout the United States including but not limited to confidential customer data, protected business data and trade secrets, and industry sales concerning produced manufactured or distributed by Defendant FGF BRANDS (USA) INC. Plaintiff's subpoena is undoubtedly overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, despite any intentions or goals the Plaintiff may have in this action to obtain information relevant to its theory of liability against Defendants, Plaintiff's subpoena is unreasonable as written. Plaintiff's requests are simply not proportional to the needs of the case. In fact, the costs and time to retrieve such data, if such data exists, and if such data can in fact even be retrieved, would be unduly burdensome on The Kroger Co., a non-party to this suit, and would substantially outweigh any potential relevance in the instant civil action.

The Kroger Co. is entitled to a greater protection under Rule 45 and its burden of compliance with Plaintiff's subpoena, if possible, would be timely, costly, and vast. The Kroger Co.'s burden of compliance would most certainly exceed the benefit of any production of material and would frankly waste a massive amount of time, resources, and energy.

Plaintiff's subpoena further seeks protected, confidential business information that should not be produced unless subject to a Protective Order. Compliance with the same would thus violate the protections of The Kroger Co.'s customers and members, require the disclosure of privileged, protected information, and lean into the disclosure of trade secrets including customer lists, product lists, product sales, and industry practices.

Finally, Plaintiff's subpoena does not allow The Kroger Co. a reasonable time to comply with the request for a deposition on May 11, 2020 or the production of any documents. The Kroger Co. cannot identify any corporate employees that would have knowledge regarding all the

information requested by the stated date. The Kroger Co also does not have the ability to retrieve such data, does not know if such data exists, and at this time, does not have documents responsive to this request.

Note that Plaintiff previously issued a subpoena to The Kroger Co.'s affiliate, Roundy's Illinois, LLC on September 4, 2019 requesting all documents and/or electronically stored information maintained in the ordinary course of business by Roundy's or its affiliated or related current or former entities, including Mariano's grocery stores, regarding the purchase of any Naan product manifested or distributed by FGF Brands (USA) Inc. or FDF Brands, Inc. from January 1, 2015 to the present (September 4, 2019) using Mariano's Reward Card No. 483034963860. *See Pl.'s September 4, 2019 Subpoena, attached hereto as Ex. 3.* Plaintiff's Counsel thus understands the requirements of Rule 45 and previously complied with its responsibility of issuing and servicing a subpoena while avoiding the imposition of an undue burden or expense on the person subject to the subpoena. In response, The Kroger Co. also complied, in good faith, and produced records pertaining to Emily Friend using the reward card no. 483034963860.

To the contrary however, the subject subpoena exceeds any scope of allowable discovery and directly violates Rule 45(d) protecting a person subject to a subpoena as Plaintiff has not taken reasonable steps to avoid imposing undue burden or expense on The Kroger Co. The Kroger Co. thus objects to Plaintiff's subpoena as a whole *(see Ex. 2),* requests costs it is entitled to pursuant to Rule 45(d), and requests this court quash the April 9, 2020 Subpoena issued to it pursuant to Rule 45.

WHEREFORE, THE KROGER CO., respectfully requests this Honorable Court grant THE KROGER CO.'s Motion to Quash Plaintiff's April 9, 2020 Subpoena, award all reasonable

fees and costs associated with having to submit the present Motion, and for such other relief as

this Court deems reasonable and just.

Respectfully submitted,

*/s/ Sara R. Strom*

Sara R. Strom, Esq. (ARDC No. 6317969)
Kopka Pinkus Dolin PC
200 West Adams Street, Suite 1200
Chicago, IL 60606
Telephone:      (312) 782-9920
Facsimile:      (312) 782-9965 – FAX
E-mail:        SRStrom@kopkalaw.com
**ATTORNEYS FOR INTERVENOR
DEFENDANT/SUBPOENA RESPONDENT,
THE KROGER CO.**

Sara R. Strom, Esq.; ARDC No. 6317969
Joel D. Groenewold, Esq.; ARDC No. 6237227
KOPKA PINKUS DOLIN PC
200 W. Adams Street, Suite 1200
Chicago, IL 60606
(312) 782-9920
(312) 782-9965 – Fax
ARDC No. 6317969
E-mail:  SRStrom@kopkalaw.com
         JDGRoenewold@kopkalaw.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 23rd day of April 2020:

TO:    Katrina Carroll                         Cassandra L. Abernathy
Carlson Lynch, LLP              Kirkland & Ellis LLP
111 W. Washington Street, #1240     300 North LaSalle
Chicago, IL 60602               Chicago, IL 60654
kcarroll@carlsonlynch.com      cass.abernathy@kirkland.com
                                          diana.torres@kirkland.com

*/s/ Sara R. Strom*



**null / ALL**
**Transmittal Number: 21390456**
**Date Processed: 04/09/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | The Kroger Co.<br>Entity ID Number 2171751 |
| **Entity Served:** | The Kroger Co. |
| **Title of Action:** | Emily Friend vs. FGF Brands (USA) Inc. |
| **Matter Name/ID:** | Emily Friend vs. FGF Brands (USA) Inc. (9574235) |
| **Document(s) Type:** | Subpoena |
| **Nature of Action:** | Information/Appearance Request |
| **Court/Agency:** | U.S. District Court Northern District, IL |
| **Case/Reference No:** | 1:18-cv-07644 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 04/09/2020 |
| **Answer or Appearance Due:** | 05/11/2020 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Katrina Carroll<br>312-750-1591 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# Exhibit 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Northern District of Illinois

| | |
|---|---|
| Emily Friend | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:18-cv-07644 |
| FGF Brands (USA) Inc., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  The Kroger Co., c/o Illinois Corporation Service C
     801 Adlai Stevenson Drive, Springfield, IL 62703

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see Exhibit A, which is attached to this deposition notice and incoporated therein.

| Place: Carlson Lynch, LLP<br>111 W. Washington Street, #1240<br>Chicago, Illinois 60602 | Date and Time:<br>05/11/2020 9:00 am |
|---|---|

The deposition will be recorded by this method:  Court reporter and videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Please see Exhibit B, which is attached to this deposition notice and incorporated therein. The requested documents are to be produced no later than fourteen days in advance of the deposition to the undersigned at kcarroll@carlsonlynch.com.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/08/2020

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Katrina Carroll |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Emily Friend
_____, who issues or requests this subpoena, are:

Katrina Carroll, Carlson Lynch LLP, 111 W. Washington Street, #1240, Chicago, IL 60602, (312 750 1591), kcarroll@carlsonlynch.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:18-cv-07644

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## INSTRUCTIONS

1.      Pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure, all documents or communications produced in response to these requests must be produced as they are kept in the ordinary course of business or organized and labeled to correspond to which they are responsive. Documents gathered from hard-copy documents shall be provided in single-page Group IV tagged image file format ("TIFF") using at least a 300 dots per inch print setting. Multi-page OCR text files should be provided for hard copy documents. Electronically stored information ("ESI") shall be produced in TIFF format. ESI for spreadsheet-type files (e.g., Excel), PowerPoint files, and documents with audio or visual components shall also include the native file linked to its associated TIFF. Media may be delivered on CDs, DVDs, or External USB hard drives. Hard copy documents and ESI in TIFF format should be provided with a delimited data file and a cross-reference load file. All metadata-data that describes the electronic files, *e.g.*, "date last modified," associated with ESI shall be produced in text format linked to the associated files.

2.      In the event that any claim of privilege from discovery is asserted with respect to any document or item, identify the document or item by specifying its author(s), addressee(s), recipient(s), date, persons to whom copies were furnished, subject matter, type (*e.g.*, letter, memo, etc.), and specify the precise grounds upon which the claim of privilege is based. If only a portion of any document is subject to an assertion of privilege, produce each and every portion of such document not containing the allegedly privileged matter, and comply with the instructions in the preceding paragraph concerning the matter with respect to which the claim of privilege is asserted. Similarly, in the event an objection is made to any request or part thereof, produce all documents in the category requested to the full extent that such production would not be subject to the objections.

3.      In responding to these requests, you are required by law to produce all documents reasonably available to you or subject to your custody or control, including without limitation documents in the possession of your attorneys, accountants, advisors, or other persons directly or

1

indirectly employed by or associated with you or your counsel, and anyone else otherwise subject to your control.

4.      In responding to these requests, you must make a diligent search of your own records and of all other papers and materials in your possession or available to you or your representatives.

5.      In the event that a document called for by these requests has been destroyed, the response hereto shall identify (to the extent it is known): (a) the preparer of the document; (b) its addressor (if different); (c) its addressee; (d) each recipient thereof; (e) the date it was created or prepared; (f) the date it was transmitted (if different); (g) a description of its contents and subject matter; (h) the date of its destruction; (i) the manner of its destruction; (j) the name, title and address of the person authorizing its destruction; (k) the reason(s) for its destruction; (l) the name, title and address of the person who destroyed the document; and (m) a description of the efforts you have taken to locate a copy of the document.

6.      These document requests are continuing and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if you (or another person or entity acting your behalf) obtains additional information called for by the request after the time of the original response.

## DEFINITIONS

1.      The term "any" means "each and every," as well as "any one." The word "all" also includes "each" and vice versa.

2.      The term "FGF" shall refer to FGF BRANDS (USA) INC. or FGF BRANDS, INC., and any of their corporations, businesses, subsidiaries, divisions, affiliated entities, predecessors, successors, parents, and their respective employees, officers, directors, representatives, agents, attorneys, accountants, or other persons occupying similar positions or performing similar functions.

2

3.     The term "Product" and "Products" shall mean all sizes, flavors, and iterations of any of the naan products produced by FGF and sold under the Stonefire brand at retail anytime since November 12, 2012.

4.     "Competing Products" shall mean all sizes, flavors, and iterations of any naan or flatbread other than the Products that you have sold to consumers anytime since November 12, 2012.

5.     "Document" or "documents" encompasses all forms of tangible expression, including without limitation, all written, recorded, printed, typed, transcribed, filmed, digitized, or graphic matter and all other tangible things and media upon which any handwriting, typing, printing, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented, including, but not limited to, books, records, correspondence, reports, memoranda, electronic mail, contracts, tables, tabulations, graphs, charts, diagrams, plans, schedules, appointment books, calendars, diaries, time sheets, reports, studies, analyses, drafts, telegrams, teletype or telecopy messages, files, telephone logs and messages, checks, microfilms, microfiche, pictures, photographs, printouts, electronic data compilations, tapes, diskettes, drives, removable media, notes, minutes or transcripts of proceedings. Documents shall include originals and all non-identical copies (whether different from the original because of notes made in or attached to such copy, or otherwise), all other data compilations from which information can be obtained (translated, if necessary into usable form), and any preliminary versions, drafts, or other revisions of any of the foregoing.

6.     "Electronically Stored Information" ("ESI") means the complete original and any non-identical copy (whether different from the original because of notations, different metadata,

3

or otherwise), regardless of origin or location, of any electronically created, electronically stored, or computer generated information, including, but not limited to, electronic mail, instant messaging, videoconferencing, and direct connections or other electronic correspondence (whether active or deleted), word processing files, spreadsheets, databases, and sound recordings, whether stored on cards, magnetic or electronic tapes, disks, computer files, computer or other drives, cell phones, Blackberry, PDA, print-outs, or other storage media, and such other codes, technical assistance, or instructions as will transform such ESI into an easily understandable and usable form.

7.      "You," "Your," and "Yourself" means The Kroger Co., any and all of its parents, subsidiaries, affiliates, segments, divisions or branches including, but not limited to, any of its present or former directors, officers, sales agents, agents (including, but not limited to, attorneys, accountants or consultants), employees, representatives, and any other person or entity purporting to act on its behalf.

8.      The term "relating to," is to be understood in its broadest sense and means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, or comprising the subject matter identified.

4

## EXHIBIT A

Please produce a representative(s) who is most knowledgeable with regard to the following:

TOPIC NO. 1:

Knowledge regarding all information that you record or maintain concerning your customers and members between November 12, 2012 and the present.

TOPIC NO. 2:

Knowledge regarding all customer and product-related information that you record or maintain during a retail transaction (including online retail transactions) from November 12, 2012 through the present.

TOPIC NO. 3:

Knowledge regarding all information with respect to the following about each of your customers (through member number tracking, online retail purchases, big data analysis, data mining, proprietary tracking tools or otherwise) who purchased the Products or Competing Products from November 12, 2012 through the present: (1) name, (2) mailing address, (3) telephone number, and (4) email address.

TOPIC NO. 4:

Knowledge regarding each occasion during which the customers identified in response to Topic No. 3 above, purchased the Products or Competing Products from one of your stores in the United States: (1) date of purchase, (2) retail store location (if applicable), (3) whether the transaction took place online, (4) which of the Products or Competing Products was purchased (e.g., by product description or UPC), (5) retail price paid, (6) method of payment, (7) payment card type, (8) payment card number (aka primary account number of "PAN"), (9) payment card

5

expiration date, and (10) whether the purchased Product or Competing Product was returned to you for a refund.

TOPIC NO. 5:

Knowledge regarding your relationship with FGF, including communications with FGF and any documents or information you provided to FGF relating to how much of the Products or Competing Products you sold in the United States as a whole, and each state individually, from November 12, 2012 through the present.

TOPIC NO. 6:

Knowledge regarding each of the Products or Competing Products you sold in the United States from November 12, 2012 through the present, and on a monthly basis and broken down by state: (1) average retail price; (2) net units sold; and (3) total net sales.

6

## EXHIBIT B

Please produce the following:

DOCUMENT REQUEST NO. 7:

Documents sufficient to identify the information that you record or maintain concerning your customers and members between November 12, 2012 and the present.

DOCUMENT REQUEST NO. 8:

Documents sufficient to identify the customer and product-related information that you record or maintain during a retail transaction (including online retail transactions) from November 12, 2012 through the present.

DOCUMENT REQUEST NO. 9:

Documents sufficient to identify the followings about each of your customers (through member number tracking, online retail purchases, big data analysis, data mining, proprietary tracking tools or otherwise) who purchased the Products or Competing Products from November 12, 2012 through the present: (1) name, (2) mailing address, (3) telephone number, and (4) email address.

DOCUMENT REQUEST NO. 10:

Documents sufficient to identify the following about each occasion during which the customers identified in response to Document Request No. 3 above, purchased the Products or Competing Products from one of your stores in the United States: (1) date of purchase, (2) retail store location (if applicable), (3) whether the transaction took place online, (4) which of the Products or Competing Products was purchased (e.g., by product description or UPC), (5) retail price paid, (6) method of payment, (7) payment card type, (8) payment card number (aka primary

7

account number of "PAN"), (9) payment card expiration date, and (10) whether the purchased Product or Competing Product was returned to you for a refund.

DOCUMENT REQUEST NO. 11:

Documents you provided to FGF relating to how much of the Products or Competing Products you sold in the United States as a whole, and each state individually, from November 12, 2012 through the present.

DOCUMENT REQUEST NO. 12:

Documents sufficient to identify the following about each of the Products or Competing Products you sold in the United States from November 12, 2012 through the present, and on a monthly basis and broken down by state: (1) average retail price; (2) net units sold; and (3) total net sales.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY FRIEND, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | 1:18-cv-07644 |
| | ) | |
| FGF BRANDS (USA) INC., et. al. | ) | |
| | ) | |
| *Defendants.* | ) | |

## SUBPOENA RESPONDENT, THE KROGER CO.'S, OBJECTIONS TO PLAINTIFF'S SUBPOENA PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45

NOW COMES Subpoena Respondent, THE KROGER CO., by and through its counsel, Sara R. Strom and Joel D. Groenewold of Kopka Pinkus Dolin, P.C., and pursuant to Federal Rule of Civil Procedure 45, Responds to Plaintiff's Subpoena, as follows:

### RESPONSE TO SUBPOENA FOR TESTIMONY

*Testimony*: YOU ARE COMMANDED to appear at the time, date and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers officers, directors, or managing agents or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: Please see Exhibit A, which is attached to this deposition notice and incorporated therein.

Place: Carlson Lynch, LLP                       Date and Time: 5/11/2020  9:00 a.m.
       111 W. Washington Street, #1240
       Chicago, Illinois 60602

The deposition will be recorded by court reporter and videographer.

### EXHIBIT A

TOPIC NO. 1: Knowledge regarding all information that you record or maintain concerning your customers and members between November 12, 2012 and the present.

**RESPONSE: Objection to the extent this request for testimony exceeds the scope of allowable discovery under Federal Rule 45 in that said request is overly broad seeking testimony regarding "all information" recorded or maintained**

EXHIBIT 2

concerning all of The Kroger Co.'s "customers and members," is not substantially limited in time and scope, does not allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of protected, confidential business information that will not be produced unless subject to a Protective Order, and is not proportional to the needs of the case as the burden outweighs its benefits as the costs and time to retrieve such data, if such data exists, would be unduly burdensome on The Kroger Co., a non-party to this suit. Without waiving said objection and subject to the same, The Kroger Co. owns and operates over 2,600 stores across the United States. The Kroger Co. cannot identify any corporate employees that would have knowledge regarding all the information requested in Topic No. 1.

TOPIC NO. 2: Knowledge regarding all customer and product-related information that you record or maintain during a retail transaction (including online retail transactions) from November 12, 2012 through the present.

**RESPONSE: Objection to the extent this request for testimony exceeds the scope of allowable discovery under Federal Rule 45 in that said request is overly broad seeking testimony regarding "all customer and product-related information" recorded or maintained during a "retail transaction (including online retail transactions)," is not substantially limited in time and scope, does not allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of protected, confidential business information that will not be produced unless subject to a Protective Order, and is not proportional to the needs of the case as the burden outweighs its benefits as the costs and time to retrieve such data, if such data exists, would be unduly burdensome on The Kroger Co., a non-party to this suit. Without waiving said objection and subject to the same, The Kroger Co. owns and operates over 2,600 stores across the United States. The Kroger Co. cannot identify any corporate employees that would have knowledge regarding all the information requested in Topic No. 2.**

TOPIC NO. 3: Knowledge regarding all information with respect to the following about each of your customers (through member number tracking, online retail purchases, big data analysis, data mining, proprietary tracking tools or otherwise) who purchased the Products or Competing Products from November 12, 2012 through the present: (1) name, (2) mailing address, (3) telephone number, and (4) email address.

**RESPONSE: Objection to the extent this request for testimony exceeds the scope of allowable discovery under Federal Rule 45 in that said request is overly broad, seeks irrelevant testimony, is not substantially limited in time and scope, does not allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of protected,**

**confidential business information that will not be produced unless subject to a Protective Order, and is not proportional to the needs of the case as the burden outweighs its benefits as the costs and time to retrieve such data, if such data exists, would be unduly burdensome on The Kroger Co., a non-party to this suit. Without waiving said objection and subject to the same, The Kroger Co. owns and operates over 2,600 stores across the United States. The Kroger Co. cannot identify any corporate employees that would have knowledge regarding all the information requested in Topic No. 3.**

TOPIC NO. 4: Knowledge regarding each occasion during which the customers identified in response to Topic No. 3 above, purchased the Products or Competing Products from one of your stores in the United States: (1) date of purchase, (2) retail store location (if applicable), (3) whether the transaction took place online, (4) which of the Products or Competing Products was purchased (e.g., by product description or UPC), (5) retail price paid, (6) method of payment, (7) payment card type, (8) payment card number (aka primary account number of "PAN"), (9) payment card expiration date, and (10) whether the purchased Product or Competing Product was returned to you for a refund.

**RESPONSE: Objection to the extent this request for testimony exceeds the scope of allowable discovery under Federal Rule 45 in that said request is overly broad, seeks irrelevant testimony, is not substantially limited in time and scope, does not allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of protected, confidential business information that will not be produced unless subject to a Protective Order, and is not proportional to the needs of the case as the burden outweighs its benefits as the costs and time to retrieve such data, if such data exists, would be unduly burdensome on The Kroger Co., a non-party to this suit. Without waiving said objection and subject to the same, The Kroger Co. owns and operates over 2,600 stores across the United States. The Kroger Co. cannot identify any corporate employees that would have knowledge regarding all the information requested in Topic No. 4.**

TOPIC NO. 5: Knowledge regarding your relationship with FGF, including communications with FGF and any documents or information you provided to FGF relating to how much of the Products or Competing Products you sold in the United States as a whole, and each state individually, from November 12, 2012 through the present.

**RESPONSE: Objection to the extent this request for testimony exceeds the scope of allowable discovery under Federal Rule 45 in that said request is overly broad, seeks irrelevant testimony, is not substantially limited in time and scope, does not allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of protected, confidential business information that will not be produced unless subject to a**

**Protective Order, and is not proportional to the needs of the case as the burden outweighs its benefits as the costs and time to retrieve such data, if such data exists, would be unduly burdensome on The Kroger Co., a non-party to this suit. Without waiving said objection and subject to the same, The Kroger Co. owns and operates over 2,600 stores across the United States. The Kroger Co. cannot identify any corporate employees that would have knowledge regarding all the information requested in Topic No. 5.**

TOPIC NO. 6: Knowledge regarding each of the Products or Competing Products you sold in the United States from November 12, 2012 through the present, and on a monthly basis and broken down by state: (1) average retail price; (2) net units sold; and (3) total net sales.

**RESPONSE: Objection to the extent this request for testimony exceeds the scope of allowable discovery under Federal Rule 45 in that said request is overly broad, seeks irrelevant testimony, is not substantially limited in time and scope, does not allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of protected, confidential business information that will not be produced unless subject to a Protective Order, and is not proportional to the needs of the case as the burden outweighs its benefits as the costs and time to retrieve such data, if such data exists, would be unduly burdensome on The Kroger Co., a non-party to this suit. Without waiving said objection and subject to the same, The Kroger Co. owns and operates over 2,600 stores across the United States. The Kroger Co. cannot identify any corporate employees that would have knowledge regarding all the information requested in Topic No. 6.**

## RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Please see Exhibt B, which is attached to this deposition notice and incorporated therein. The requested documents are to be produced no later than fourteen days in advance of the deposition to the undersigned at kcarroll@carlsonlynch.com.

*Production:* The Kroger Co. or its representatives, must also bring with them to the deposition the following documents, electronically stored information, or objects and must permit inspection, copying, testing, or sampling of the materials identified in Exhibit B. The requested documents are to be produced no later than fourteen days in advance of the deposition to the undersigned at kcarrol@carlsonlynch.com.

## EXHIBIT B

DOCUMENT REQUEST NO. 7: Documents sufficient to identify the information that you record or maintain concerning your customers and members between November 12, 2012 and the present.

**RESPONSE:** **Objection to the extent this request for documents exceeds the scope of allowable discovery under Federal Rule 45 in that said request is overly broad, seeks irrelevant information, is not substantially limited in time and scope, does not allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of protected, confidential business information that will not be produced unless subject to a Protective Order, and is not proportional to the needs of the case as the burden outweighs its benefits as the costs and time to retrieve such data, if such data exists, would be unduly burdensome on The Kroger Co., a non-party to this suit. Without waiving said objection and subject to the same, The Kroger Co. owns and operates over 2,600 stores across the United States, does not have the ability to retrieve such data, and does not have documents responsive to this request.**

DOCUMENT REQUEST NO. 8: Documents sufficient to identify the customer and product-related information that you record or maintain during a retail transaction (including online retail transactions) from November 12, 2012 through the present.

**RESPONSE:** **Objection to the extent this request for documents exceeds the scope of allowable discovery under Federal Rule 45 in that said request is overly broad, seeks irrelevant information, is not substantially limited in time and scope, does not allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of protected, confidential business information that will not be produced unless subject to a Protective Order, and is not proportional to the needs of the case as the burden outweighs its benefits as the costs and time to retrieve such data, if such data exists, would be unduly burdensome on The Kroger Co., a non-party to this suit. Without waiving said objection and subject to the same, The Kroger Co. owns and operates over 2,600 stores across the United States, does not have the ability to retrieve such data, and does not have documents responsive to this request.**

DOCUMENT REQUEST NO. 9: Documents sufficient to identify the followings about each of your customers (through member number tracking, online retail purchases, big data analysis, data mining, proprietary tracking tools or otherwise) who purchased the Products or Competing Products from November 12, 2012 through the present: (1) name, (2) mailing address, (3) telephone number, and (4) email address.

**RESPONSE:** **Objection to the extent this request for documents exceeds the scope of allowable discovery under Federal Rule 45 in that said request is overly broad, seeks irrelevant information, is not substantially limited in time and scope, does not allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, seeks**

**disclosure of protected, confidential business information that will not be produced unless subject to a Protective Order, and is not proportional to the needs of the case as the burden outweighs its benefits as the costs and time to retrieve such data, if such data exists, would be unduly burdensome on The Kroger Co., a non-party to this suit. Without waiving said objection and subject to the same, The Kroger Co. owns and operates over 2,600 stores across the United States, does not have the ability to retrieve such data, and does not have documents responsive to this request.**

DOCUMENT REQUEST NO. 10: Documents sufficient to identify the following about each occasion during which the customers identified in response to Document Request No. 3 above, purchased the Products or Competing Products from one of your stores in the United States: (1) date of purchase, (2) retail store location (if applicable), (3) whether the transaction took place online, (4) which of the Products or Competing Products was purchased (e.g., by product description or UPC), (5) retail price paid, (6) method of payment, (7) payment card. type, (8) payment card number (aka primary account number of "PAN"), (9) payment card expiration date, and (10) whether the purchased Product or Competing Product was returned to you for a refund.

**RESPONSE: Objection to the extent this request for documents exceeds the scope of allowable discovery under Federal Rule 45 in that said request is overly broad, seeks irrelevant information, is not substantially limited in time and scope, does not allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of protected, confidential business information that will not be produced unless subject to a Protective Order, and is not proportional to the needs of the case as the burden outweighs its benefits as the costs and time to retrieve such data, if such data exists, would be unduly burdensome on The Kroger Co., a non-party to this suit. Without waiving said objection and subject to the same, The Kroger Co. owns and operates over 2,600 stores across the United States, does not have the ability to retrieve such data, and does not have documents responsive to this request.**

DOCUMENT REQUEST NO. 11: Documents you provided to FGF relating to how much of the Products or Competing Products you sold in the United States as a whole, and each state individually, from November 12, 2012 through the present.

**RESPONSE: Objection to the extent this request for documents exceeds the scope of allowable discovery under Federal Rule 45 in that said request is overly broad, seeks irrelevant information, is not substantially limited in time and scope, does not allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of protected, confidential business information that will not be produced unless subject to a Protective Order, and is not proportional to the needs of the case as the burden outweighs its**

**benefits as the costs and time to retrieve such data, if such data exists, would be unduly burdensome on The Kroger Co., a non-party to this suit. Without waiving said objection and subject to the same, The Kroger Co. owns and operates over 2,600 stores across the United States, does not have the ability to retrieve such data, and does not have documents responsive to this request.**

DOCUMENT REQUEST NO. 12: Documents sufficient to identify the following about each of the Products or Competing Products you sold in the United States from November 12, 2012 through the present, and on a monthly basis and broken down by state: (1) average retail price; (2) net units sold; and (3) total net sales.

**RESPONSE: Objection to the extent this request for documents exceeds the scope of allowable discovery under Federal Rule 45 in that said request is overly broad, seeks irrelevant information, is not substantially limited in time and scope, does not allow a reasonable time to comply, is not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of protected, confidential business information that will not be produced unless subject to a Protective Order, and is not proportional to the needs of the case as the burden outweighs its benefits as the costs and time to retrieve such data, if such data exists, would be unduly burdensome on The Kroger Co., a non-party to this suit. Without waiving said objection and subject to the same, The Kroger Co. owns and operates over 2,600 stores across the United States, does not have the ability to retrieve such data, and does not have documents responsive to this request.**

Respectfully Submitted,

THE KROGER CO.

Sara R. Strom, Esq.; ARDC No. 6317969
Joel D. Groenewold, Esq.; ARDC No. 6237227
KOPKA PINKUS DOLIN PC
200 W. Adams Street, Suite 1200
Chicago, IL 60606
(312) 782-9920
(312) 782-9965 – Fax
ARDC No. 6317969
E-mail:  SRStrom@kopkalaw.com
         JDGRoenewold@kopkalaw.com



**null / ALL**
**Transmittal Number: 20349031**
**Date Processed: 09/06/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | Roundy's Illinois, LLC<br>Entity ID Number  2845295 |
| **Entity Served:** | Roundy's Illinois, LLC |
| **Title of Action:** | Emily Friend vs. FGF Brands (USA) Inc. |
| **Document(s) Type:** | Subpoena |
| **Nature of Action:** | Information/Appearance Request |
| **Court/Agency:** | U.S. District Court Northern District, IL |
| **Case/Reference No:** | 18-cv-07644 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 09/04/2019 |
| **Answer or Appearance Due:** | 10/01/2019 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Richard R. Gordon<br>312-332-5200 |
| **Enclosures:** | Original Attachment Pending:<br>Check |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT 3



**ILLINOIS PROCESS SERVERS LLC** 09-18

40 HICKORY PT
SPRINGFIELD, IL 62712-9524

1158

70-2189/719
733

CHECK ARMOR

DATE 9/4/19

PAY TO THE ORDER OF _Roundy's Illinois, LLC_ $ 40.00

_Fourty and No/100_ DOLLARS

Photo Safe Deposit

**PNCBANK**

PNC Bank, N.A. 071

FOR #57517

⑈0011581⑈ ⑊071921891⑊ 4684472639⑈

 GORDON LAW
OFFICES, LTD.

September 4, 2019

**Via Illinois Process Servers**
Roundy's Illinois, LLC
c/o Illinois Corporation Service
801 Adlai Stevenson Drive
Springfield, IL 62703

Re:   Emily Friend v. FGF Brand, Inc.
        Our File No.: 3656.001
        Case No.: 1:18-cv-07644

To Whom It May Concern:

       This office represents Emily Friend, individually and on behalf of a class of similarly situated
individuals, in a class action complaint against FGF Brands, Inc., a manufacturer and distributor of naan
products, alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and
violations of other state consumer fraud acts.

       As part of our investigation into this matter, the attached Subpoena seeks all records maintained
by Roundy's in the ordinary course of business as it relates to Ms. Friend's shopping activities at local
Mariano's stores in the Chicagoland area. Specifically, we request information relating to her Mariano's
Rewards card and purchases of certain naan products manufactured and distributed by Defendants. No
attendance or appearance is required if you are able to comply and produce to this office copies of the
requested information.

       Please feel free to contact me directly should you have any questions or concerns about this matter.
Thank you in advance for your anticipated prompt attention and cooperation.

                            Very truly yours,

                            **Gordon Law Offices, Ltd.**

                            Richard R. Gordon

Enclosures

Gordon Law Offices, Ltd.
111 W. Washington Street | # 1240
Chicago, Illinois 60602
T 312.332.5200 | F 312.242.4966
www.gordonlawchicago.com

SEP 0 4 2019

 GORDON LAW
OFFICES, LTD.

cc:   Katrina Carroll (via email)

      Traci Murphy (via email)

      Roundy's General Counsel
      875 W. Wisconsin Ave.
      POB 473
      Milwaukee, WI 53202

      Megan New
      Kirkland & Ellis
      300 N. LaSalle St.
      Chicago, IL 60654

Gordon Law Offices, Ltd.
111 W. Washington Street I #.1240
Chicago, Illinois 60602
T 312.332.5200 I F 312.242.4966
www.gordonlawchicago.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| Emily Friend, et al. | ) | |
| *Plaintiff* | ) | Civil Action No. 1:18-cv-07644 |
| v. | ) | |
| FGF Brands (USA) Inc., et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Roundy's Illinois, LLC, c/o Illinois Corporation Service, 801 Adlai Stevenson Dr., Springfield, IL 62703
Kirkland & Ellis LLP, 300 N. LaSalle St., Chicago, IL 60654

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Rider.

| Place: Gordon Law Offices, Ltd., 111 W. Washington St., Suite 1140, Chicago, IL 60602 | Date and Time:<br><br>10/01/2019 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/03/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Richard R. Gordon |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Emily Friend, et al.
, who issues or requests this subpoena, are:

Richard R. Gordon, 111 W. Washington St., Ste. 1140, Chicago, IL 60602; (312) 332-5200; rrg@gordonlawchicago.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

SEP 0 4 2019

**Rider to Subpoena**

All documents and/or electronically stored information maintained in the ordinary course of business by Roundy's, or its affiliated or related current or former entities, including Mariano's grocery stores, regarding the purchase of any of the following products using Mariano's Reward Card No. 483034963860, from January 1, 2015 to the present:

- Stonefire Original Naan;
- Stonefire Roasted Garlic Naan;
- Stonefire Whole Grain Naan;
- Stonefire Organic Original Naan;
- Stonefire Original Mini Naan;
- Stonefire Ancient Grain Mini Naan; or
- Any other naan product manufactured or distributed by FGF Brands (USA) Inc. or FDF Brands, Inc.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-07644

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).