## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| EMILY FRIEND, individually and on behalf of a class of similarly situated individuals, | ) ) ) |  |
|  | ) | Case No. 1:18-cv-07644 |
| *Plaintiff,* | ) |  |
|  | ) | Hon. Robert W. Gettleman |
| v. | ) |  |
|  | ) |  |
| FGF BRANDS (USA), INC., a Delaware Corporation, and FGF BRANDS, INC., a Canadian corporation. | ) ) ) |  |
|  | ) |  |
| *Defendants.* | ) |  |

## <u>CLASS ACTION SETTLEMENT AGREEMENT</u>

Subject to the approval of the Court and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Settlement Agreement is entered into between Plaintiff Emily Friend ("Plaintiff"), on behalf of herself and the Settlement Class Members (defined below) on the one hand, and Defendants FGF Brands, Inc. and FGF Brands (USA), Inc. (collectively, "Defendants") on the other. Plaintiff, Defendants, and the Settlement Class Members are referred to collectively in this Settlement Agreement as the "Parties." Capitalized terms used herein are defined in Section 2 or indicated in parentheses elsewhere in the Settlement Agreement. Subject to Court approval and as provided herein, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the entry by the Court of a Final Judgment and Order Approving Settlement and the occurrence of the Effective Date, this Action shall be settled and compromised upon the terms and conditions as set forth herein.

This Settlement Agreement is intended by the Parties to fully and finally compromise, resolve, discharge, release, and settle the Released Claims, and to dismiss this Action with prejudice, subject to the terms and conditions set forth below and without any admission or

concession as to the merits of any claim or defense by any of the Parties.

1.    **Recitals**

    **1.01**    A class action was filed on November 16, 2018 alleging that Defendants' labeling on its naan bread products is deceptive; specifically, Plaintiff challenged, for example, statements that the naan is "tandoor baked," "tandoor oven baked," "baked in a tandoor oven," and "hand stretched and tandoor oven-baked to honor 2,000 years of tradition." Plaintiff asserted the following claims in the Complaint: Violations of state consumer fraud acts on behalf of the Multi-State Class (Count I); Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, in the alternative to Count I and on behalf of the Illinois Subclass (Count II); Violations of the Illinois Uniform Deceptive Trade Practices Act on behalf of the Illinois Subclass (Count III); and Fraudulent Concealment against FGF on behalf of the National Class and Illinois Subclass (Count IV).

    **1.02**    Defendants moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff failed to state a claim under the consumer fraud laws because the allegedly mislabeled naan products could not plausibly deceive a reasonable consumer; that Plaintiff failed to plead fraud with particularity; that Plaintiff lacked Article III standing to assert claims as to the naan products that she did not purchase; and that the Court lacked personal jurisdiction over Defendants as to the claims that plaintiff brought on behalf of non-Illinois class members.

    **1.03**    On June 12, 2019, Judge Gettleman largely denied Defendants' motion to dismiss and upheld the majority of Plaintiff's claims except for Plaintiff's Claim for violations of the Illinois Uniform Deceptive Trade Practices Act (Count III), which was dismissed.

    **1.04**    Thereafter, the Parties engaged in voluminous and wide-ranging discovery. The Parties each propounded written discovery, made multiple rounds of supplemental responses, filed

and briefed separate motions to compel, and completed the deposition of Plaintiff. The parties also made their respective document productions, including Defendants' production of thousands of pages of documents, and pursued third-party discovery.

**1.05**    Defendants deny all material allegations asserted by Plaintiff. Defendants specifically dispute that they violated any laws, that their labeling or marketing was deceptive or misleading in any way, and that Plaintiff and potential class members are entitled to any relief. Defendants further contend that Plaintiff's allegations are not amenable to class certification. Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, Defendants have agreed to settle this litigation on the terms set forth in this Settlement Agreement, subject to Court approval.

**1.06**    This Settlement Agreement resulted from good faith, arm's-length settlement negotiations, including a fifteen hour Zoom mediation session with JAMS in Chicago, Illinois before retired federal Judge Morton Denlow and multiple follow-up communications. Plaintiff and Defendants submitted detailed mediation statements to Judge Denlow setting forth their respective views as to the merits of the case. Additionally, the parties engaged in substantial discovery prior to the mediation, thus having the benefit of this information for the mediation discussions.

**1.07**    As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

**1.08**    Unless otherwise indicated, the term "days" as used herein shall refer to calendar days.

**1.09**    Terms that are defined in the text of the Agreement, but not defined in Section 2 below, shall have the meaning given those terms in the text.

2. **Definitions**

**2.01** "Action" means the action captioned, *Friend v. FGF Brands (USA), Inc. and FGF Brands, Inc.*, No. 18-cv-07644 (N.D. Ill. 2018).

**2.02** "Agreement," "Settlement," or "Settlement Agreement" means this Settlement Agreement and each and every exhibit attached hereto.

**2.03** "Attorneys' Fee and Expense Award" means any Court-approved award to Class Counsel as further described in Section 5 and payable from the Net Settlement Fund.

**2.04** "Authorized Claimants" are those Settlement Class Members who submit timely and properly completed Claim Forms and are eligible for Cash Awards.

**2.05** "Available Cash Award Total" means the amount of money in the Net Settlement Fund available to pay Cash Awards.

**2.06** "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.07** "Cash Award" means a cash payment by check to a Settlement Class Member payable from the Net Settlement Fund, as provided for in Section 4.

**2.08** "Claim Form" means the claim form, or its substantially similar form, attached hereto as **Exhibit A**, as approved by the Court, that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein.

**2.09** "Claims Deadline" means 90 days from the Settlement Notice Date.

**2.10** "Claims Period" means the 90-day period that begins from the first date notice is given in which time Settlement Class Members may submit a claim.

**2.11** "Class Counsel" is Carlson Lynch LLP (with Katrina Carroll as Lead Counsel) and Gordon Law Offices, Ltd.

**2.12** "Class Period" means November 16, 2013 (five years preceding the filing of the Complaint in this matter on November 16, 2018) through the date of the entry of the Preliminary Approval Order.

**2.13** "Class Representative" means Plaintiff Emily Friend.

**2.14** "Court" means the United States District Court for the Northern District of Illinois, and whichever judge is assigned to the case.

**2.15** "Defense Counsel" or "Counsel for Defendants" means Kirkland & Ellis LLP (with Diana Torres as Lead Defense Counsel).

**2.16** "Effective Date" is defined in Section 11.

**2.17** "Fairness Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable, and adequate.

**2.18** "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the Notice and Administration Costs, any Attorneys' Fee and Expense Award, and any Service Award.

**2.19** "Notice and Administration Costs" means any and all costs and expenses of notice and administration relating to this Settlement to be paid from the Settlement Fund.

**2.20** "Opt-Out and Objection Deadline" means 45 days from the Settlement Notice Date.

**2.21** "Other Claimants" means other individuals by whom Class Counsel have been retained regarding the subject matter of this litigation, including and limited to Angelia Flores, Ari Schantz, Barbara Seaman, Hina Bhimani, Michael Cotter, Netiya Shiner, and Timothy Brown.

**2.22** "Preliminary Approval Order" means the proposed order to be submitted to the Court in connection with preliminary approval, substantially in the form attached hereto as **Exhibit C**.

2.23   "Products" means (1) Stonefire Original Naan; (2) Stonefire Roasted Garlic Naan; (3) Stonefire Whole Grain Naan; (4) Stonefire Organic Original Naan; (5) Stonefire Original Mini Naan; (6) Stonefire Ancient Grain Mini Naan; (7) Stonefire Naan Dippers; and (8) any other Naan that Defendants produced that was marketed or sold in the United States and that was represented to the purchaser as Naan baked in a tandoor oven.

2.24   "Release" means the release and discharge, as of the date of the Final Approval Order, by Plaintiff and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, and successors), who have not properly and timely excluded themselves from the Settlement Class, of the Released Persons and shall include the agreement and commitment by Plaintiff and all Settlement Class Members to not now or hereafter initiate, maintain, or assert against the Released Persons or any of them any and all Released Claims.

2.25   "Released Claims" means all rights, actions, causes of action, suits, debts, dues, sums of money, accounts, liabilities, losses, obligations, fees, costs, reckonings, bonds, bills, specialties, controversies, agreements, contracts, variances, trespasses, damages, judgments, extensions, executions, claims, and demands whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been or could have been asserted, by or on behalf of Plaintiff or the Class Members, including, without limitation, any claims, whether individual, class, direct, derivative, representative, legal, equitable, or in any other capacity, in any court, tribunal, or proceeding, arising under federal statutory or common law, state statutory or common law, local statutory or common law, or any law, rule, or regulation, including the law of any jurisdiction outside the United States, that relate to any labeling, marketing, or other claim that was, or could have been,

alleged in the Litigation to be false, deceptive, misleading, or non-compliant with federal or state laws. The Released Claims shall extend to unknown claims pursuant to California Civil Code Section 1542, which shall be recited in the release, and like authorities from other states. "Released Claims" do not include personal injury claims regarding the Products.

2.26    "Released Persons" means Defendants, and each and all of their predecessors-in-interest, successors, and assigns; and their former, present, and future direct and indirect subsidiaries, divisions, parents, owners, successors, and affiliated companies; and each and all of their former, present, and future managers, officers, executives, directors, shareholders, partners, employees, agents, representatives, suppliers, resellers, retailers, wholesalers, distributors, customers, insurers, assigns, servants, attorneys, assignees, heirs, executors, and administrators, whether specifically named and whether or not participating in the settlement by payment or otherwise.

2.27    "Releasing Persons" means Plaintiff and all Settlement Class Members, and their respective present, former, and future administrators, agents, assigns, executors, heirs, predecessors-in-interest, and successors of Plaintiff and Settlement Class Members.

2.28    "Request for Exclusion" means the written request by a Settlement Class Member to opt out of the Settlement as provided for in Section 9.

2.29    "Service Award" means any award to Plaintiff, in her capacity as Class Representative, sought by application by Plaintiff and approved by the Court, which may be payable to Plaintiff from the Net Settlement Fund.

2.30    "Settlement Administrator" means KCC, an independent, reputable, and competent professional service company selected by Class Counsel and approved by Defense Counsel which will administer the Class Notice, maintain the Settlement Website, administer the Settlement in

7

accordance with this Settlement Agreement, including administering any payments to Authorized Claimants, and engage in any other tasks directed by the Court, Class Counsel, or Defense Counsel.

**2.31**    "Settlement Class" means all purchasers of the Products, from November 16, 2013 through the date the Court enters an order preliminarily approving the Settlement Agreement. Specifically excluded from the Settlement Class are: Defendants and their affiliates, employees, officers, directors, agents, representatives and their immediate family members; and class counsel, the judge and the magistrate judge who have presided over the Action, and their immediate family members.

**2.32**    "Settlement Class Members" means those persons who are members of the Settlement Class who do not timely submit a Request for Exclusion pursuant to Section 9.

**2.33**    "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement.

**2.34**    "Settlement Fund" means the total commitment of Defendants for purposes of this settlement, in the form of a non-reversionary cash fund in the amount of $1,895,000.00 (One Million, Eight Hundred and Ninety-Five Thousand Dollars and Zero Cents), as described in Section 4.

**2.35**    "Settlement Notice Date" means 28 days after an Order Granting Preliminary Approval is entered.

**2.36**    "Settlement Website" means the Internet website created, maintained and operated by the Claims Administrator which will contain relevant documents and information about the Settlement.

**2.37**    "Valid Claim" means a completed Claim Form that is timely submitted by a

Settlement Class Member and complies with the requirements more fully described in Section 7.

**3.**     **All Parties Recommend Approval of the Settlement**

**3.01**     Defendants' Position on the Conditional Certification of Settlement Class. Defendants dispute that any class could be certified for litigation purposes in this Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendants do not oppose the certification for settlement purposes only of the Settlement Class. Preliminary certification of the Settlement Class will not be construed or deemed a concession by Defendants or a finding by the Court that certification of any litigation class is appropriate, and Plaintiff agrees not to argue in any future proceedings that the Settlement Agreement is in any way a concession by Defendants that certification of any litigation class is appropriate. Nor are Defendants precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement is not finalized or finally approved.  If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in this Action.  No agreements made by or entered into by Defendants in connection with the Settlement Agreement may be used by Plaintiff, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding. In addition, and as explained further in Section 14, notwithstanding and without conceding anything as a result of this Settlement, Defendants dispute Plaintiff's Action on the merits and deny any liability or wrongdoing whatsoever.

**3.02**     Plaintiff's Belief in the Merits of Case.  Plaintiff and Class Counsel believe that the claims asserted in this Action have merit and that the evidence developed to date supports those

claims. This Settlement will in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that Defendants have asserted.

**3.03** Plaintiff Recognizes the Benefits of Settlement. Plaintiff and Class Counsel recognize and acknowledge, however, the expense and amount of time that would be required to continue to pursue this Action against Defendants, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Class. Plaintiff and Class Counsel have concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiff and Class Counsel believe that this Settlement Agreement confers substantial benefits upon the Class; is fair, reasonable, and adequate; and is in the best interests of the Class to settle as described herein. Plaintiff further acknowledges that there are no issues with the quality of Defendants' Products.

**4.** **Monetary Consideration to the Settlement Class**

**4.01** Settlement Payment. Pursuant to the terms and conditions set forth below, Defendants shall contribute $1,895,000.00 (One Million, Eight Hundred and Ninety-Five Thousand Dollars and Zero Cents) to create the Settlement Fund for the benefit of Settlement Class Members, which will be used to pay all Court-approved Settlement costs, including without limitation the Cash Awards, Notice and Administrative Costs, any Attorneys' Fee and Expense Award, and any Service Award, and will be in full satisfaction of Defendants' total financial commitment under this Settlement and Settlement Agreement. In no event shall Defendants be obligated to contribute any monies in excess of $1,895,000 for purposes of this Settlement. Additionally, regardless of the number of Valid Claims submitted, no portion of the Settlement

Fund or Available Cash Award Total shall be returned or refunded to Defendants, unless the Settlement is terminated pursuant to Section 13 below.

      **4.02**   <u>Settlement Relief</u>.  An Authorized Claimant will be entitled to receive a payment of $2.50 from the Settlement Fund for each Product the Authorized Claimant purchased during the Class Period. No additional proof of purchase will be required beyond a timely and properly submitted Claim Form, provided such claim includes an attestation to the purchase or purchases under penalty of perjury.  Class members without proof of purchase will only be permitted to make claims for a maximum of five (5) Products.  Class members who have proof of their purchases will be permitted to make claims for as many Products for which they have proof of purchase.  Each household may only submit one Claim Form.

      **4.03**   <u>Pro Rata Adjustment</u>.  Subject to the terms of this Agreement, Class Members will receive a pro rata adjustment upward or downward depending on the number of Valid Claims submitted, and the amount that remains in the Settlement Fund after payment of any Court-approved Notice and Administration Costs, Attorneys' Fee and Expense Award, and Plaintiff's Service Award.

      **4.04**   While Defendants contend no change of labeling has been necessary to comply with any applicable laws, Defendants' Product labeling currently states that the Products are "baked in our patented tandoor tunnel oven". Plaintiff agrees that no further labeling changes are necessary.

      **4.05**   Defendants shall wire transfer into the Settlement Fund within 45 days of the Court's entry of the Preliminary Approval Order the amount of $1,895,000.00 (One Million, Eight Hundred and Ninety-Five Thousand Dollars and Zero Cents). The Settlement Fund shall be maintained in an interest-bearing account by an escrow agent to be selected by Plaintiff's counsel and approved by Defense Counsel.

**4.06**    The Settlement Fund shall be used to pay in full and in the following order, subject to the Court's approval: (a) any necessary taxes and tax expenses; (b) all costs associated with the Settlement Administrator, including costs of providing Notice to Settlement Class Members, processing Claims, and all costs relating to providing necessary notices in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715 *et seq.*; (c) any Attorneys' Fee and Expense Award approved by the Court for Class Counsel; (d) any Service Award approved by the Court for Plaintiff; and (e) any payments to Authorized Claimants as allowed by this Settlement Agreement and approved by the Court. The Settlement Fund represents the limit and extent of Defendants' monetary obligations under this Settlement Agreement.

**4.07**    The Settlement Administrator shall send correspondence to any Settlement Class Member who completes a Claim Form but is not an Authorized Claimant, explaining rejection of his or her claim no later than fifteen (15) days after the Claims Deadline. If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the claimant must within ten (10) business days from receipt of the rejection, transmit to the Settlement Administrator by e-mail or U.S. mail a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and the Settlement Administrator will consult with Class Counsel and Defense Counsel regarding authorization of a Cash Award pursuant to the procedure set forth in Section 7.05.

**4.08**    The Settlement Administrator will send payment directly to the Authorized Claimant within thirty (30) calendar days after the Effective Date. The Settlement Administrator will process direct credit or payment via physical check, PayPal, Venmo, Amazon, or electronic Automated Clearing House ("ACH") transactions.

**4.09**    All payments issued to Settlement Class Members via check will state on the face

of the check that the check will expire and become null and void unless cashed within 180 days of the date of issuance. To the extent that a check issued to a Settlement Class Member is not cashed within 180 days after the date of issuance, the check will be void, and the uncashed funds shall be distributed to the Greater Chicago Food Depository (information available at https://www.chicagosfoodbank.org/). Under no circumstances shall any amount of the Settlement Fund revert back to Defendants.

**5.**     <u>**Attorneys' Fees, Costs, and Service Award to Class Representative**</u>

    **5.01**   <u>Service Award Payment to Class Representative</u>. Class Counsel may petition the Court for an order permitting a Service Award of up to $7,500 to be paid from the Settlement Fund to Plaintiff. Any Service Award approved by the Court shall be paid from the Settlement Fund within ten (10) days after the Effective Date.

    **5.02**   <u>Other Agreements</u>. Class Counsel were retained by additional, non-named Plaintiffs Angelia Flores, Ari Schantz, Barbara Seaman, Hina Bhimani, Michael Cotter, Netiya Shiner, and Timothy Brown ("Other Claimants") regarding the subject matter of the Litigation. The claims of the Other Claimants have been resolved by separate agreements with Defendants and their claims have been fully released.

    **5.03**   <u>Attorneys' Fees and Costs</u>. Class Counsel will make an application to the Court for an award of reasonable attorneys' fees, not to exceed 33.33% of the Settlement Fund, plus reasonable expenses incurred in the Action, which, if approved by the Court, shall be payable from the Settlement Fund and shall constitute the sole payment for Class Counsel or any attorney in any way representing Plaintiff in connection with this Action or this Settlement. Class Counsel shall have the sole and absolute discretion to allocate and distribute the Attorneys' Fee and Expense Award among Class Counsel and any other attorney that has represented Plaintiff in connection

with this Action. The Court shall determine the amount of any Attorneys' Fee and Expense Award. The Attorneys' Fee and Expense Award shall be paid out of the Settlement Fund within fourteen days following the Effective Date, unless Class Counsel petitions for and the Court approves payment of the Attorneys' Fee and Expense Award prior to the Effective Date, but under no circumstances will the Attorneys' Fee and Expense Award be paid earlier than the date the Court enters the Final Approval Order. If the Court permits payment prior to the Effective Date, then such payment will only be made upon Class Counsel's execution of the Stipulation Regarding Attorneys' Fees and Costs (the "Fee Stipulation") attached hereto as Exhibit __. Notwithstanding the foregoing, if the Final Approval Order or any part of it is vacated, overturned, reversed, or rendered void or unenforceable as a result of an appeal, or the Settlement is voided, rescinded, or otherwise terminated for any other reason, then Class Counsel shall, within fourteen (14) days, repay to Defendants the full amount of the attorneys' fees and costs paid to Class Counsel, plus accrued interest at a rate of 2.5% per annum. In such event, the following persons shall be jointly and severally liable for the return of such payments: (a) Carlson Lynch LLP and any other Class Counsel seeking fees, and (b) any individual lawyers seeking fees who are or were affiliated with such Class Counsel and are eligible for fees.

**5.04** <u>Settlement Independent of Award of Fees, Costs, and Service Awards</u>. The payments set forth in this Section 5 are subject to and dependent upon the Court's approval of the Settlement as fair, reasonable, adequate, and as in the best interests of Settlement Class Members; however, the Settlement is not dependent or conditioned upon the Court approving Plaintiff's and Class Counsel's requests for such payments or awarding the particular amounts they seek. In the event the Court declines the requests or awards less than the amounts sought, the Settlement will continue to be effective and enforceable by the Parties.

14

6. **Preliminary Approval**

**6.01** <u>Preliminary Approval Order</u>. Following the execution of this Agreement, Plaintiff, with the consent of Defendants, will request that the Court enter a Preliminary Approval Order (substantially in the form attached hereto as **Exhibit C**):

a. Preliminarily approving this Settlement Agreement.

b. Preliminarily certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

c. Preliminarily finding that the proposed Settlement is fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) provide a short, plain description of the Action and describe the essential terms of the Settlement; (ii) disclose Class Counsel's intention to file an application with the Court for a Service Award to the Class Representative; (iii) provide information regarding the application for an Attorneys' Fee and Expense Award that Class Counsel intend to file with the Court; (iv) indicate the time and place of the Fairness Hearing to consider final approval of the Settlement, the method for objection to and/or opting out of the Settlement, and inform Settlement Class Members that if they do not object or opt out, they may be entitled to relief under the proposed Settlement; (v) describe the proposed settlement relief and explain the procedures for allocating and distributing the Settlement Fund; and (vi) prominently display contact information for the Settlement Administrator and the procedure for making inquiries.

d. Scheduling a Fairness Hearing on final approval of the Settlement to consider its fairness, reasonableness, and adequacy; whether it should be finally approved by the Court; and to determine the reasonableness of the requested Attorneys' Fee and

Expense Award and Service Award.

**e.** Appointing the Settlement Administrator.

**f.** Approving the Class Notice and directing the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program.

**g.** Finding that the Settlement Class Notice Program: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

**h.** Requiring the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program no later than fourteen (14) days before the Fairness Hearing.

**i.** Approving the Claim Form and setting a Claim Deadline.

**j.** Requiring any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely Request for Exclusion, postmarked or submitted electronically no later than the Opt-Out and Objection Deadline in strict compliance with the provisions of the Settlement Agreement, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice.

**k.** Ordering that any member of the Settlement Class who does not submit a timely, written Request for Exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders, and judgments in the Litigation, even if such

Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

**l.**     Requiring any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of this Settlement or Settlement Agreement to timely file with the Court and serve on Class Counsel and Defense Counsel no later than the Opt-Out and Objection Deadline, a statement of the objection signed by the Settlement Class Member containing all of the information required in Section 9.03.

**m.**     Ordering that papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than fourteen (14) Days prior to the Fairness Hearing.

**n.**     Specifying that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise strictly comply with the applicable requirements shall be forever and completely foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

**o.**     Requiring that any attorney hired or retained by, or who otherwise provided legal assistance to, a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee and Expense Award or the Service Award and who intends to make an appearance at the Fairness Hearing to provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and to file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Deadline or as the Court may otherwise direct.

**p.**     Requiring that any Settlement Class Member who files and serves a written

objection and who intends to make an appearance at the Fairness Hearing shall so state in their objection papers or as the Court otherwise may direct.

  **q.**  Directing that Class Counsel shall file any applications for an Attorneys' Fee and Expense Award and Service Award at least fourteen (14) Days prior to the Fairness Hearing.

  **r.**  Ordering the Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) Days after the Opt-Out and Objection Deadline and to provide Class Counsel with an affidavit attesting to the completeness and accuracy of the Opt-Out List to be filed no later than fourteen (14) Days before the Fairness Hearing.

  **s.**  Preliminarily enjoining all members of the Settlement Class unless and until they have timely and properly excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative,

regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendant, any other Released Person, and Class Counsel as a result of the violation. This Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

      **t.**    Containing any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

## 7. <u>Administration</u>

**7.01**   <u>Settlement Administrator</u>. The Settlement Administrator will be responsible for effectuating the Settlement Class Notice Program, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, processing claims, acting as a liaison between Settlement Class Members and the Parties regarding claims information, approving claims, rejecting any Claim Form where there is evidence of fraud (as determined by the Claims Administrator under policies and procedures developed by the Claims Administrator and approved by the Parties), directing the distribution of awards to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing. The Settlement Administrator will provide periodic updates on the claims status to counsel for all Parties.

**7.02**   <u>General Claims Administration and Review of Claims</u>. The Settlement Administrator shall be responsible for reviewing and administering all Claims to determine their validity. The Settlement Administrator shall reject any Claim that does not comply in any material

19

respect with the instructions on the Claim Form or the terms of the Settlement, or is submitted after the Claims Deadline.

**7.03**  Claims Process. The Settlement Administrator shall retain copies of all Claims submitted, all documentation of Claims approved or denied, and all Settlement Payments made. The Settlement Administrator agrees to be subject to the direction and authority of the Court with respect to the administration of the Settlement and the payment of Settlement Funds to Authorized Claimants pursuant to the terms of this Settlement Agreement.

**7.04**  Claim Forms may be completed and submitted by U.S. mail or online at the Settlement Website.

**7.05**  Conditions for Claim. To make a Valid Claim, Settlement Class Members must submit their Claim Forms by the Claim Deadline. The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

**a.**  The Settlement Administrator will notify claimants who submit an incomplete or incorrect Claim Form of any deficiency, including an incorrect telephone number, and provide them the opportunity to submit a corrected form. Following such opportunity to submit a corrected Claim Form, any claim that is not timely submitted and substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement, or is received or submitted electronically after the Claim Deadline shall be rejected and deemed a nullity.

**b.**  Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to the Parties, who shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim. Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding

the rejected claim. The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion.

      **c.**      At any time during the claims process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and Defense Counsel. Class Counsel and Defense Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, the Parties may suspend the claims process and promptly seek assistance from the Court.

      **d.**      The Claim Forms and Class Notices shall be in the substantially similar form and substance attached hereto as **Exhibits A and B**, respectively.

**8.**   **Notice.**

    **8.01**   Costs of Notice and Administration. The Settlement Fund will be used to pay the cost of class notice and claims administration in the amount of up to $500,000.00, unless otherwise ordered by the Court.

    **8.02**   Class Notice. The Settlement Administrator will design and conduct a nationwide publication website-based notice program which will fully satisfy the requirements of due process. The nationwide publication website-based notice program will be initiated on the Settlement Notice Date and, except as otherwise stated in this section, the media-based delivery of the Settlement Class Notice Program will be completed within 30 days of the Settlement Notice Date.

    **8.03**   Settlement Website. The Settlement Administrator will maintain and administer a dedicated Settlement Website (for example, www.naanbreadsettlement.com or a similar URL to be approved by the Parties) containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form that Settlement

Class Members may download, complete, and submit electronically. At a minimum, such documents will include the Settlement Agreement and attached exhibits, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, and when filed, briefing on Class Counsel's motion for Attorneys' Fee and Expense Awards, briefing on Plaintiff's motion for Service Awards, the Preliminary Approval Order, and the Final Approval Order. The Settlement Website will launch on the Settlement Notice Date and will be taken down and rendered inaccessible 60 days after the Effective Date.

**8.04**    Toll-Free Telephone Number. By the Settlement Notice Date, the Settlement Administrator will set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number will be maintained until 30 days after the Claims Deadline. After that time, and until 60 days after the Effective Date, a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and that details regarding the Settlement may be reviewed on the Settlement Website.

**8.05**    Notice to State and Federal Officials. In compliance with the Attorney General notification provision of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, within ten (10) days after the Motion for Preliminary Approval is filed, the Settlement Administrator shall cause notice of this proposed Settlement to be served on the Attorney General of the United States and the Attorneys General of each State or territory. The Settlement Administrator shall file with the Court a certification stating the date(s) upon which such CAFA notices were sent.

**8.06**    Declaration of Compliance. Within five (5) calendar days after the Claims Deadline, the Settlement Administrator shall provide the Settling Parties with a declaration attesting to completion of the notice process set forth in this Section.

9.    **Opt-Outs and Objections**

   **9.01**    <u>Opting Out of the Settlement</u>.  Any Settlement Class Member who does not wish

to participate in the Settlement must submit a Request for Exclusion to the Settlement

Administrator stating his or her intention to be "excluded" from the Settlement. The Request for

Exclusion must contain the Settlement Class Member's name, current address, and telephone

number. The Request for Exclusion must be either (a) personally signed by the Settlement Class

Member and dated, mailed, and postmarked to the Settlement Administrator on or before the Opt-

Out and Objection Deadline, or (b) electronically signed by the Settlement Class Member and

submitted to the Settlement Administrator through the Settlement Website on or before the Opt-

Out and Objection Deadline. Multiple, so-called "mass" or "class," opt-outs shall not be allowed.

The date of the postmark on the return mailing envelope or date of online submission through the

Settlement Website shall be the exclusive means used to determine whether a Request for

Exclusion has been timely submitted. Any Settlement Class Member whose Request for Exclusion

from the Settlement Class is approved by the Court will not be bound by the Settlement and will

have no right to object, appeal, or comment thereon.

   **9.02**    <u>Reporting of Opt-Outs</u>.  The Claims Administrator will provide the Parties with

copies of all Requests for Exclusion it receives and will provide a list of each Settlement Class

Member who timely and validly opted out of the Settlement in its declaration filed with the Court,

as required by Section 9.01.

   **9.03**    <u>Objections</u>.  Any Settlement Class Member who wishes to object to the

Settlement must file a written Objection with the Court no later than the Opt-Out and Objection

Deadline.  The Settlement Class Member must also serve a copy of the Objection via first-class

U.S. mail on Class Counsel and Defense Counsel.  The Objection must include: (a) a reference, in

its first sentence, to the Litigation, *Friend v. FGF et al.*, Case No. 1:18-cv-07644 (N.D. Ill. 2018); (b) the Objector's full legal name, residential address, telephone number, and email address (and, if objecting through counsel, the Objector's lawyer's name, business address, telephone number, and email address); (c) a statement describing the Objector's membership in the Settlement Class, including a verification under oath as to the purchase date(s), name of the Products purchased, and the location(s) and name(s) of the retailer(s) from whom the Objector purchased the Products, and all other information required by the Claim Form; (d) a written statement of all grounds for the Objection, accompanied by any legal support for such Objection; (e) copies of any papers, briefs, or other documents upon which the Objection is based; (f) a list of all persons who will be called to testify in support of the Objection; (g) a statement of whether the Objector intends to appear at the Final Approval Hearing;[1] (h) a list of the exhibits that the Objector may offer during the Final Approval Hearing, along with copies of such exhibits; and (i) the Objector's signature. In addition, Settlement Class Members, if applicable, must include with their Objection (a) the identity of all counsel who represent the Objector, including former or current counsel who may be entitled to compensation for any reason related to the Objection; and (b) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or federal, in the United States in the previous five (5) years.

**9.04**   <u>Fairness Hearing</u>.   Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

**10.**   **<u>Final Approval and Judgment Order</u>**

---

**10.01** No later than fourteen (14) days prior to the Fairness Hearing, Plaintiff will file with the Court and serve on counsel for all Parties a declaration from the Claims Administrator stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**10.02** If the Court issues the Preliminary Approval Order, and all other conditions precedent to the Settlement have been satisfied, no later than fourteen (14) days prior to the Fairness Hearing, the Parties will request that the Court enter the "Final Approval Order" in substantially the form attached as **<u>Exhibit D</u>**, that:

**a.** Finds that the Court has personal jurisdiction over Plaintiff and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

**b.** Certifies a Settlement Class for purposes of this Settlement;

**c.** Finds this Settlement to be fair, reasonable, and adequate, and consistent and in compliance with all requirements of due process and applicable law, and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

**d.** Declares this Settlement Agreement and the Final Approval Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiff and all Settlement Class Members, as well as their respective present, former, and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, and successors;

**e.** Finds that the Settlement Class Notice Program: (1) constituted the best

practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing, and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law (including but not limited to Rule 23, Illinois state law, and that the CAFA Notice sent by Defendants complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005);

      **f.**      Approves the Claim Forms distributed to the Settlement Class;

      **g.**      Finds that Class Counsel and Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

      **h.**      Dismisses the Action on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Approval Order and Judgment;

      **i.**      Adjudges that Plaintiff and the Settlement Class have conclusively compromised, settled, dismissed, and released any and all Released Claims against Defendants and the Released Persons;

      **j.**      Without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, Defendants, Plaintiff, and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement, the

Settlement Agreement, the Final Approval Order and Judgment, and for any other necessary purposes;

k.      Provides that upon entry of the Final Approval Order and Judgment, Plaintiff and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against Defendant and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against Defendant and all Released Persons;

l.      Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability, or of any misrepresentation or omission in any statement or written document approved or made by Defendant or any Released Persons, or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate or enforce the Settlement Agreement;

m.      Bars and permanently enjoins all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action

any lawsuit, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

      **n.**     States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendant and/or any other Released Persons and Class Counsel as a result of the violation;

      **o.**     Approves the Opt-Out List and determines that the Opt-Out List is a conclusive and complete list of all members of the Settlement Class who have timely and effectively requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment; and

      **p.**     Authorizes the Parties, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Approval Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

**10.03**  As of the date of the Final Approval Order and Judgment, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Approval Order and Judgment.

      **a.**     Subject to Court approval, all Settlement Class Members who have not timely and properly excluded themselves from the Settlement Class shall be bound by this

Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Action or this Settlement.

      **b.** Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or any of them, in connection with or related in any manner to the Action, the Settlement, the administration of such Settlement, and/or the Released Claims as well as any and all claims for a Service Award to Plaintiff and an Attorneys' Fee and Expense Award to Class Counsel.

      **c.** The Releasing Persons and the Released Persons expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby expressly agree that the provisions, rights, and benefits of Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released, and relinquished to the fullest extent permitted by law solely in connection with unknown claims that are the same as, substantially similar to, relate to, or overlap the Released

Claims, and the Releasing Persons and the Released Persons hereby agree and acknowledge that this is an essential term of the Release. In connection with the Release, the Releasing Persons and the Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished, and discharged.

     **d.**     Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## 11. <u>Effective Date</u>

**11.01** The Effective Date will occur the later of: (i) the expiration of the time to appeal the Final Approval Order with no appeal having been filed; or (ii) if an appeal or request for review is taken (including but not limited to a request for reconsideration or rehearing, or a petition for a writ of certiorari), (a) the dismissal, abandonment or settlement of the appeal with no material modification to the Final Approval Order, or (b) the date upon which the Final Approval Order has been affirmed (or review has been denied) by the court of last resort to which an appeal or request for review has been taken and such decision is no longer subject to further appeal or review.

## 12. <u>Confirmatory Discovery</u>

**12.01** Class Counsel represent that they have conducted extensive discovery in the litigation to confirm the accuracy of the information provided to them during the Parties' settlement negotiations. The purpose of that discovery was to confirm the factual record relating to the Parties' arguments regarding liability, available defenses, and the total number of Settlement

Class Members.  No further discovery is necessary to effectuate this Agreement.

**13.**     **Termination of Agreement**

**13.01**  Either Side May Terminate the Agreement.  Plaintiff and Defendants will each have the right to unilaterally terminate this Agreement upon any of the following occurrences:

       **a.**     The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

       **b.**     An appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand; or

       **c.**     Any court incorporates terms into, or deletes or strikes from, or modifies, amends, or changes the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in any way that is material; or

       **d.**     The Court indicates, prior to making a final ruling on the Settlement, that the Settlement will not be approved unless material changes are made.

       **e.**     For the avoidance of doubt, and as stated in Section 5.04, the Settlement is not dependent or conditioned upon the Court approving Plaintiff's and Class Counsel's requested Attorneys' Fees and Expense Award and Service Award, and thus the Court's award of a lesser amount than that which Plaintiff and Class Counsel request is not a proper basis for terminating the Settlement Agreement.

**13.02**  Exercising the Right to Terminate.  The right to terminate expires if it is not exercised within ten (10) days of the triggering occurrence.  To exercise the right, a Party must provide written notice of their or its election to do so ("Termination Notice") to all other Parties. If the triggering occurrence is a court making or proposing a material change to the Settlement Agreement, Preliminary Approval Order, or Final Approval Order, a Party desiring to terminate

must meet and confer with the other Parties to discuss in good faith whether they can reach agreement to the change(s) before the Party may exercise the right to terminate.

**13.03** <u>Revert to Status Quo</u>. If either Plaintiff or Defendants terminate this Agreement as provided herein, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and the Parties will jointly request that any orders entered by the Court in connection with this Agreement be vacated; however, any payments made to the Claims Administrator for services rendered as of the date of termination will not be refunded to Defendants.

**14.** <u>**No Admission of Liability**</u>

**14.01** Defendants deny any liability or wrongdoing of any kind associated with Plaintiff's alleged claims in the Action, whether related to their conduct or the conduct of third parties on their behalf. Defendants have denied and continue to deny each and every material factual allegation and all claims asserted against them in the Action. Nothing herein will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein will constitute an admission by Defendants that the Action is properly brought on a class or representative basis, or that classes may be certified in the Action, other than for settlement purposes. To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal, or

administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**14.02** Pursuant to Federal Rule of Evidence 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement will be admissible in evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

## 15. **Miscellaneous**

**15.01** Entire Agreement. This Agreement constitutes the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

**15.02** Governing Law. This Agreement will be governed by the laws of the State of Illinois.

**15.03** Jurisdiction. The Court will retain continuing and exclusive jurisdiction over the Parties to this Agreement, including Plaintiff and all Settlement Class members, for purposes of the administration and enforcement of this Agreement.

**15.04** No Construction Against Drafter. This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement will be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**15.05** No Rescission on Grounds of Mistake. The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, the Parties agree that they will not seek to set

aside any part of the Settlement Agreement on the grounds of mistake. Moreover, the Parties understand, agree, and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

**15.06** <u>Resolution of Disputes</u>. The Parties will cooperate in good faith in the administration of this Settlement. Any unresolved dispute regarding the administration of this Agreement will be decided by the Court or by a mediator upon agreement of the Parties.

**15.07** <u>Counterparts</u>. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together will constitute one and the same instrument.

**15.08** <u>Integration Of Exhibits</u>. Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

**15.09** <u>Time Periods</u>. The time periods and dates described herein are subject to Court approval and may be modified upon written stipulation of the Parties and approval by the Court.

**15.10** <u>Authority</u>. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**15.11** <u>Modification</u>. This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendants and Plaintiff and approved by the Court.

**15.12** <u>Confidentiality</u>. The Parties agree to keep the settlement terms confidential until the filing of a motion to preliminarily approve the Settlement.

**15.13** <u>No Media Statements</u>. Plaintiff, Class Counsel, and all other counsel of record for Plaintiff agree not to issue any press releases regarding this settlement or publicize it in any way. Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude Plaintiff or Class Counsel from making a public statement in support of the Settlement. For example, Plaintiff or Class Counsel may state that the Settlement is a good result for the Class. In addition, nothing in this Settlement Agreement shall preclude Plaintiff or Class Counsel from making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

**15.14** <u>Binding on Assigns</u>. This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

**15.15** <u>Conflicts</u>. In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the Settlement, the terms of the Settlement Agreement supersede and control.

**15.16** <u>Headings</u>. The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

**15.17** <u>Best Efforts</u>. In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect. The execution of documents must take place prior to the date scheduled for

the Preliminary Approval Hearing.

**15.18** <u>Notices</u>. Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

IF TO PLAINTIFF OR CLASS COUNSEL:

Katrina Carroll
kcarroll@carlsonlynch.com
Kyle Shamberg
kshamberg@carlsonlynch.com
**CARLSON LYNCH LLP**
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Phone No. (312) 750-1265


IF TO DEFENDANTS:

Diana M. Torres
diana.torres@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Tel: (213) 680-8338


IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives below.

PLAINTIFF:

By:_____      Date:_____
Emily Friend

DEFENDANTS:

By:_____      Date: _Sept. 10th, 2020_

the Preliminary Approval Hearing.

**15.18** <u>Notices</u>. Unless otherwise stated herein, any notice to the Parties required or provided for under this Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

IF TO PLAINTIFF OR CLASS COUNSEL:

Katrina Carroll
kcarroll@carlsonlynch.com
Kyle Shamberg
kshamberg@carlsonlynch.com
**CARLSON LYNCH LLP**
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Phone No. (312) 750-1265

IF TO DEFENDANTS:

Diana M. Torres
diana.torres@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Tel: (213) 680-8338

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives below.

PLAINTIFF:

By: _Emily Friend_      Date: _9-15-20_
Emily Friend

DEFENDANTS:

By:_____      Date:_____

# EXHIBIT A



*Friend v. FGF Brands (USA), Inc.*
Settlement Administrator
P.O. Box XXXXX
Louisville, KY 40233-XXXX

## XXX

### Must Be Postmarked or Submitted Online No Later Than Month XX, 2020

# Claim Form

Complete this Claim Form if you would like to be eligible to receive a cash payment from the *Friend v. FGF Brands (USA), Inc.* Settlement Fund. You may submit a claim for a cash payment of $2.50 for each Product purchased, up to a maximum of five (5) Products (or $12.50) if you do not have any proof of your purchases. If you have proof of your purchases, you may make claims for as many Products for which you have proof of purchase. The amount you are eligible to receive for your claims may be increased or reduced proportionally, depending on whether the total amount of claims exhausts or exceeds the available settlement funds. Only one Claim Form may be submitted per household.

## Claimant Information

First Name      M.I.      Last Name

Street Address

Street Address

City      State      Zip Code

**Purchase Information:** Indicate the quantity of each Product you purchased between November 16, 2013 and [PA DATE], the retailer each Product was purchased from, and the location of that retailer.

| Product | Quantity | Retailer | Location (City, State) |
|---|---|---|---|
| Stonefire Original Naan | | | |
| Stonefire Roasted Garlic Naan | | | |
| Stonefire Whole Grain Naan | | | |
| Stonefire Organic Original Naan | | | |
| Stonefire Original Mini Naan | | | |
| Stonefire Ancient Grain Mini Naan | | | |
| Stonefire Naan Dippers | | | |
| Other Pre-Packaged Naan Product purchased in a grocery, warehouse, or club store (insert name of product or name of store)*: _____ * certain products may not qualify | | | |

## Proof of Purchase (if applicable)

☐ Check this box if you have enclosed one or more receipts illustrating the number of Products purchased, the cost of each Product, the date of purchase and the location of purchase.

**Attestation Under Penalty of Perjury:** I declare under penalty of perjury that I purchased the Products as reflected in the table above from November 16, 2013 through [insert PA date] and that all of the information on this Claim Form is true and correct to the best of my knowledge.

Signature: _____      Dated: _____

To be eligible to receive any benefits from the Class Settlement, you must submit this completed form online **by <mark>Month XX, 2020</mark>**, or by mail **postmarked no later than <mark>Month XX, 2020</mark>**:

TO SUBMIT ONLINE: Visit www.<mark>WEBSITE</mark>.com and follow directions to submit your claim online.

TO SUBMIT BY MAIL, send to: *Friend v. FGF Brands (USA), Inc.* Settlement Administrator, <mark>[address], [city] [state] [zip]</mark>

**\*XXXEWONE\***





# EXHIBIT B



<u>UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF ILLINOIS</u>

# If you bought certain Naan products between November 16, 2013 and [PA date], you may be eligible to receive a payment from a proposed class action settlement.

*Products include: Stonefire Original Naan, Stonefire Roasted Garlic Naan, Stonefire Whole Grain Naan, Stonefire Organic Original Naan, Stonefire Original Mini Naan, Stonefire Ancient Grain Mini Naan, Stonefire Naan Dippers, and any other Naan marketed or sold as baked in a tandoor oven sold in grocery, warehouse or club stores and produced by FGF under private (store) label.*

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

- A settlement has been reached with FGF Brands, Inc. and FGF Brands (USA), Inc. ("FGF") in a class action lawsuit challenging certain statements made on the labeling of its Stonefire Naan and private (store) label naan products. FGF denies the allegations in the lawsuit, and the court has not decided which side is right.

- You are included in this settlement as a Settlement Class Member if you purchased certain Stonefire Naan products between November 16, 2013 and [Preliminary Approval date].

- Your rights are affected whether you act or don't act. Read this Notice carefully and in its entirety.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM DEADLINE: [DATE]** | This is the only way you can receive a payment from this settlement. If you submit a Claim Form, you will give up the right to sue FGF in a separate lawsuit about the legal claims this settlement resolves. For more details about the claims process, see questions 9-12 below. |
| **ASK TO BE EXCLUDED DEADLINE: [DATE]** | If you ask to be excluded from the settlement, you will give up your eligibility to receive a payment from this settlement, but you will keep your right to sue, continue to sue, or be part of another lawsuit against FGF related to the legal claims this settlement resolves. For more details about excluding yourself from the settlement, see questions 15-17 below. |
| **OBJECT TO THE SETTLEMENT DEADLINE: [DATE]** | If you do not exclude yourself from the settlement, you may object to it by writing to the Court about why you don't like the settlement. If you object, you may also file a claim for a payment. For more details about objecting to the settlement, see questions 18-20 below. |
| **GO TO A HEARING ON [DATE]** | You may ask the Court for permission to speak at the Final Approval Hearing about your objection to or support for the settlement. For more details about how to appear at or attend the Final Approval hearing, see questions 21-24 below. |

| **DO NOTHING** | Unless you exclude yourself, you are automatically part of the settlement class. If you do nothing, you will not get a payment from this settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against FGF about the legal claims resolved by this settlement. |
|---|---|

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the settlement.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ........................................................................................................ **PAGE 4**
    1. Why was this Notice issued?
    2. What is this lawsuit about?
    3. What is a class action?
    4. Why is there a settlement?

**WHO IS INCLUDED IN THE SETTLEMENT** ........................................................................... **PAGE 4**
    5. How do I know whether I am part of the settlement?
    6. Are there exceptions to being included?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ................................... **PAGE 4**
    7. What does the settlement provide?
    8. How much will my payment be?

**HOW TO GET A SETTLEMENT PAYMENT—SUBMITTING A CLAIM FORM** ........................ **PAGE 5**
    9. How do I get a payment from the settlement?
    10. When would I get my settlement payment?
    11. What rights am I giving up to get a payment and stay in the Settlement Class?
    12. What are the Released Claims?

**THE LAWYERS REPRESENTING YOU** ................................................................................. **PAGE 6**
    13. Do I have a lawyer in this case?
    14. How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .............................................................. **PAGE 6**
    15. How do I get out of the settlement?
    16. If I exclude myself, can I still get a payment from this settlement?
    17. If I do not exclude myself, can I sue the Defendants for the same legal claims later?

**OBJECTING TO THE SETTLEMENT** ..................................................................................... **PAGE 6**
    18. How do I tell the Court that I do not like the settlement?
    19. May I come to Court to speak about my objection?
    20. What is the difference between objecting to the settlement and asking to be excluded from it?

**THE COURT'S FINAL APPROVAL HEARING** ....................................................................... **PAGE 7**
    21. When and where will the Court decide whether to approve the settlement?
    22. Do I have to come to the hearing?
    23. May I speak at the hearing?
    24. What happens if the Court grants or denies final approval of the settlement?

**IF YOU DO NOTHING** ........................................................................................................ **PAGE 8**
    25. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ......................................................................................... **PAGE 8**
    26. How do I get more information?

## BASIC INFORMATION

**1. Why was this Notice issued?**

A court authorized this Notice because you have a right to know about the proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval to the settlement. This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who can get them, and how to get them.

The Honorable Robert W. Gettleman of the United States District Court for the Northern District of Illinois is overseeing this proposed class action. The case is known as *Friend v. FGF Brands (USA), Inc.*, Case No. 1:18-cv-07644 (the "Litigation"). The person that filed this lawsuit is called the "Plaintiff" and the companies she sued, FGF Brands, Inc. and FGF Brands (USA), Inc., are called the "Defendants."

**2. What is this lawsuit about?**

This lawsuit is about the labeling of naan bread products. The Plaintiff alleges that the Defendants made false statements on the labels of its naan bread products, including that the naan is "tandoor baked," "tandoor oven baked," "baked in a tandoor oven," and "hand stretched and tandoor oven-baked to honor 2,000 years of tradition." The Defendants deny any wrongdoing and deny the Plaintiff's allegations in the lawsuit. The court has not made any ruling on the Defendants' liability.

**3. What is a class action?**

In a class action, one or more people called Class Representatives (in this case, Emily Friend) sue on behalf of other people with similar claims. Together, the people included in the class action are called a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**4. Why is there a settlement?**

The Court did not decide in favor of the Plaintiff or Defendants. Instead, the Plaintiff and Defendants agreed to a settlement. Defendants deny all allegations of wrongdoing or liability against them, and contend that their conduct was lawful. Defendants are settling to avoid the expense, inconvenience, and inherent risk of litigation, as well as the related disruption of their business operations. The Class Representative and her attorneys think the settlement is in the best interests of all Settlement Class Members because it provides an appropriate recovery now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals. The Proposed Settlement does not mean the law has been broken or that Defendants have done anything wrong.

## WHO IS INCLUDED IN THE SETTLEMENT

**5. How do I know whether I am part of the settlement?**

The settlement includes everyone who purchased (1) Stonefire Original Naan; (2) Stonefire Roasted Garlic Naan; (3) Stonefire Whole Grain Naan; (4) Stonefire Organic Original Naan; (5) Stonefire Original Mini Naan; (6) Stonefire Ancient Grain Mini Naan; (7) Stonefire Naan Dippers; and (8) any other Naan that Defendants produced that was marketed or sold in the United States and that was represented to the purchaser as Naan baked in a tandoor oven (the "Products") from November 16, 2013 through [insert preliminarily approval date].

**6. Are there exceptions to being included?**

Yes. The settlement does not include the Defendants and their affiliates, employees, officers, directors, agents, representatives and their immediate family members; and class counsel, the judge and the magistrate judge who have presided over the Action, and their immediate family members.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**7. What does the settlement provide?**

Defendants have agreed to create a $1,895,000 Settlement Fund. After deducting attorneys' fees and expenses,

the Class Representative's service award, and the costs of notice and administration, the balance of the fund will be used to make payments to Settlement Class Members who submit valid Claim Forms.

## 8. How much will my payment be?

If you submit a valid Claim Form, you will be eligible to receive $2.50 for each Product you have purchased. You may seek payment for up to a maximum of five (5) Products without proof of purchase and for an unlimited number of Products with proof of purchase. Each household may only submit one Claim Form. If the total dollar amount of valid claims submitted is more than or less than the amount remaining in the Settlement Fund after deducting attorneys' fees and expenses, the service award and the costs of notice and administration, then payments will be reduced or increased on a *pro rata* basis (equally proportioned).

## HOW TO GET A SETTLEMENT PAYMENT—SUBMITTING A CLAIM FORM

## 9. How do I get a payment from the settlement?

You must complete and submit a Claim Form by **[Date]**. Claim Forms may be submitted online at www.Website.com or printed from the website and mailed to the Settlement Administrator at the address on the form and postmarked by **[Date]**. Claim Forms are also available by calling 1-XXX-XXX-XXXX or by writing to the Settlement Administrator, *Friend v. FGF Brands (USA), Inc.* Settlement Administrator, [address], [city], [state] [zip].

## 10. When would I get my settlement payment?

The Court will hold a hearing on [Final Approval Hearing date] to decide whether to grant final approval to the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed as soon as possible, if and when the Court grants final approval to the settlement and after any appeals are resolved.

## WHAT IT MEANS IF YOU REMAIN IN THE SETTLEMENT CLASS

## 11. What rights am I giving up to get a payment and stay in the Settlement Class?

Unless you submit a timely request to exclude yourself, you are staying in the Settlement Class. If the settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You won't be able to sue, continue to sue, or be part of any other lawsuit against the Defendants and the Released Persons (see next question) about the legal issues resolved by this settlement. The rights you are giving up are called Released Claims.

## 12. What are the Released Claims?

If and when the settlement becomes final, Settlement Class Members will release and discharge the Defendants, and each and all of their predecessors-in-interest, successors, and assigns; and their former, present, and future direct and indirect subsidiaries, divisions, parents, owners, successors, and affiliated companies; and each and all of their former, present, and future managers, officers, executives, directors, shareholders, partners, employees, agents, representatives, suppliers, resellers, retailers, wholesalers, distributors, customers, insurers, assigns, servants, attorneys, assignees, heirs, executors, and administrators, whether specifically named and whether or not participating in the settlement by payment or otherwise (the "Released Persons") from all rights, actions, causes of action, suits, debts, dues, sums of money, accounts, liabilities, losses, obligations, fees, costs, reckonings, bonds, bills, specialties, controversies, agreements, contracts, variances, trespasses, damages, judgments, extensions, executions, claims, and demands whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been or could have been asserted, by or on behalf of Plaintiff or the Class Members, including, without limitation, any claims, whether individual, class, direct, derivative, representative, legal, equitable, or in any other capacity, in any court, tribunal, or proceeding, arising under federal statutory or common law, state statutory or common law, local statutory or common law, or any law, rule, or regulation, including the law of any jurisdiction outside the United States, that relate to any labeling, marketing, or other claim that was, or could have been, alleged in the Litigation to be false, deceptive, misleading, or non-compliant with federal or state laws.

More details about the claims you will be releasing are described in Sections 2.24-2.27 of the Settlement Agreement, available at www.Website.com.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

Yes. Judge Gettleman appointed the law firms of Carlson Lynch LLP and Gordon Law Offices, Ltd. to represent you and the other Settlement Class Members as "Class Counsel." These law firms and their lawyers are experienced in handling similar cases. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

Class Counsel will ask the Court for an award of attorneys' fees of up to 33 1/3% of the Settlement Fund, plus reasonable expenses. They will also ask the Court to approve a $7,500 service award to be paid to the Class Representative. The Court may award less than these amounts, but no matter what the Court decides with regard to the requested attorneys' fees and expenses, you will never have to pay anything toward the fees or expenses of Class Counsel. If approved, these fees, expenses, and Class Representative award will be paid from the Settlement Fund before making payments to Settlement Class Members.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you you do not want to receive a payment from this settlement, and you want to keep the right to sue or continue to sue the Defendants or the Released Persons about the legal claims in this case, you must take steps to get out of the settlement. This is called excluding yourself from or opting out of the settlement.

### 15. How do I get out of the settlement?

To exclude yourself from the settlement, you must submit a written request for exclusion by mail or online. Your request for exclusion must include: (1) your name; (2) your current address; (3) your telephone number; (4) a statement that you are a Settlement Class Member and you wish to be excluded from the settlement in *Friend v. FGF Brands (USA), Inc.*, Case No. 1:18-cv-07644; and (5) your signature. Your request for exclusion must be submitted online through the settlement website by **[Date]** or mailed to the Settlement Administrator at the address below so it is postmarked by **[Date]**.

*Friend v. FGF Brands (USA), Inc.* Settlement Administrator

[address]

[city] [state] [zip]

### 16. If I exclude myself, can I still get a payment from this settlement?

No. If you exclude yourself, you are telling the Court that you don't want to be part of the settlement. You can only get a payment if you stay in the settlement and submit a valid Claim Form.

### 17. If I do not exclude myself, can I sue the Defendants for the same legal claims later?

No. Unless you exclude yourself, you are giving up the right to sue the Defendants and the Released Persons for the claims that this settlement resolves. You must exclude yourself from *this* Litigation to start or continue with your own lawsuit or be part of any other lawsuit against the Defendants or any of the Released Persons.

## OBJECTING TO THE SETTLEMENT

You can tell the Court if you don't agree with the settlement or any part of it.

### 18. How do I tell the Court that I do not like the settlement?

If you are a Settlement Class Member, you can object to the settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. Your objection must include: (1) a reference in the first sentence to the case name and number (*Friend v. FGF Brands (USA), Inc.*, Case No. 1:18-cv-07644); (2) your full name, home address, telephone number, and email address

(and if objecting through counsel, counsel's name, business address, telephone number, and email address); (3) the name of the Products purchased, the date and location of purchase, and any other information required by the Claim Form, including a verification under oath; (4) a written statement of the grounds for your Objection and any legal support for it; (5) copies of any papers, briefs, or other documents that support your objection; (6) a list of all persons who will be called to testify in support of your objection (if any); (7) a statement indicating whether you plan appear at the Final Approval Hearing; (8) a list and copies of the exhibits you may offer during the Final Approval Hearing (if any); (9) the name, address, telephone number, and email of your attorney (if any) who represents you, including former or current counsel who may be entitled to compensation for any reason related to your objection; (10) a detailed list of any other objections you or your attorney have submitted in any class actions in any court (state or federal) in the United States in the previous five years; and (11) your signature.

Your written objection must be filed with the Court, and copies must be mailed to Class Counsel <u>and</u> Defense Counsel at the addresses below, postmarked by [**Date**].

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>Everett McKinley Dirksen<br>United States Courthouse<br>219 South Dearborn Street<br>Chicago, IL 60604 | CARLSON LYNCH LLP<br>Katrina Carroll<br>111 W. Washington Street<br>Suite 1240<br>Chicago, IL 60602 | KIRKLAND & ELLIS LLP<br>Diana M. Torres<br>2049 Century Park East<br>Los Angeles, CA 90067 |

### 19. May I come to Court to speak about my objection?

Yes. You or your attorney may speak at the Final Approval Hearing about your objection. To do so, you must include a statement in your objection indicating that you or your attorney intend to appear at the Final Approval Hearing.

### 20. What is the difference between objecting to the settlement and asking to be excluded from it?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you remain in the Settlement Class (that is, do not exclude yourself). Excluding yourself is telling the Court that you don't want to be part of the settlement. If you exclude yourself, you cannot object because the settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 21. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing at _:__ _.m. on [date] in Courtroom __ at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. It will also consider whether to approve Class Counsel's request for an award of attorneys' fees and costs, as well as the Class Representative's incentive award. If there are objections, the Court will consider them. Judge Gettleman will listen to people who have asked to speak at the hearing (*see* Question 19 above). After the hearing, the Court will decide whether to approve the settlement.

### 22. Do I have to come to the hearing?

No. Class Counsel will answer any questions Judge Gettleman may have. However, you are welcome to come to the hearing at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 23. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Final Approval Hearing (*see* Question 19 above).

## 24. What happens if the Court grants or denies final approval of the settlement?

If the Court grants final approval of the Settlement, and that decision is not reversed or vacated by an appellate court, then the Settlement Class Members who submitted valid claims will receive payment as described in Question 8, and the Release described in Question 12 will go into effect.

If the Court denies final approval, then the case will proceed as if no settlement had been attempted, and there can be no assurance that the Class will recover anything.

# IF YOU DO NOTHING

## 25. What happens if I do nothing at all?

If you are Settlement Class Member and you do nothing, you will give up the rights explained in Question 11, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the Released Persons about the legal issues resolved by this settlement. In addition, you will not receive a payment from the settlement.

# GETTING MORE INFORMATION

## 26. How do I get more information?

This Notice summarizes the proposed settlement. Complete details are provided in the Class Action Settlement Agreement. The Class Action Settlement Agreement and other related documents are available at www.Website.com. Additional information is also available by calling 1-XXX-XXX-XXXX or by writing to *Friend v. FGF Brands (USA), Inc.* Settlement Administrator, [address] [city] [state] [zip]. Publicly-filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Northern District of Illinois or reviewing the Court's online docket, but please do not call or write to the Court asking for information or advice.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY FRIEND, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | Case No. 1:18-cv-07644 |
| v. | ) ) | Hon. Robert W. Gettleman |
| FGF BRANDS (USA), INC., a Delaware Corporation, and FGF BRANDS, INC., a Canadian corporation. | ) ) ) ) | |
| *Defendants*. | ) ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

This matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, under Federal Rule of Civil Procedure 23(e). Based on this Court's review of the Parties' Settlement Agreement and Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, and all accompanying exhibits, files and submissions,

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.     The Settlement Class**

1.     <u>Settlement Terms</u>. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2.     <u>Jurisdiction</u>. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over Plaintiff and Defendants FGF Brands, Inc. and FGF Brands (USA), Inc.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

3.     <u>Preliminary Findings</u>. The Court has conducted a preliminary assessment of the

15

fairness, reasonableness, and adequacy of the Settlement as set forth in the Settlement Agreement. Based on this preliminary evaluation, the Court finds that (a) the Settlement falls within the range of reasonableness meriting further proceedings and possible final approval; (b) the Settlement Agreement has been negotiated in good faith and at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) dissemination of the notice of the material terms of the Settlement Agreement to Settlement Class Members for their consideration and reaction is warranted. The Court therefore grants preliminary approval of the Settlement.

4.      Provisional Certification of Settlement Class. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby provisionally certifies this action as a class action on behalf of the following Settlement Class:

> All purchasers of Defendants' Products, specifically: (1) Stonefire Original Naan; (2) Stonefire Roasted Garlic Naan; (3) Stonefire Whole Grain Naan; (4) Stonefire Organic Original Naan; (5) Stonefire Original Mini Naan; (6) Stonefire Ancient Grain Mini Naan; (7) Stonefire Naan Dippers; and (8) any other Naan that Defendants produced that was marketed or sold in the United States and that was represented to the purchaser as Naan baked in a tandoor oven, from November 16, 2013 through the date of this order.[1]

5.      In connection with this provisional certification for settlement purposes, the Court makes the following preliminary findings for settlement purposes only:

a.      The Settlement Class appears to be so numerous that joinder of all members is impracticable;

b.      There appear to be questions of fact or law common to the Settlement Class for purposes of determining whether the Settlement should be approved;

---

[1] As set forth in the Settlement Agreement, specifically excluded from the Settlement Class are Defendants and their affiliates, employees, officers, directors, agents, representatives and their immediate family members; class counsel and the judge and magistrate judge who have presided over the Action and their immediate family members.

15

      c.     Plaintiff's claims appear to be typical of the claims of the Settlement Class Members she seeks to represent;

      d.     Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement.

      e.     For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

      f.     For purposes of settlement, certification of the Settlement Class appears to be superior to other available means for the fair and efficient settlement of the claims of the Settlement Class.

6.     <u>Appointment of Class Representative</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that, for purposes of the Settlement, Plaintiff Emily Friend is a member of the Settlement Class and that, for Settlement purposes only, she satisfies the requirement that she will adequately represent the interests of the Settlement Class Members. The Court hereby appoints the named Plaintiff Emily Friend as Class Representative of the Settlement Class.

7.     <u>Appointment of Class Counsel</u>. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having reviewed the submissions of Plaintiff's counsel and the work performed by Plaintiff's counsel thus far in this litigation, the Court finds that Carlson Lynch LLP (Katrina Carroll, lead counsel) and Gordon Law Offices, Ltd. will fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court hereby appoints Carlson Lynch and Gordon Law Offices as Class Counsel, with Katrina Carroll of Carlson Lynch as lead counsel, to represent the Settlement Class.

**B.    The Fairness Hearing**

1.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing **on [DATE] at [TIME],** for the purpose of determining whether to issue a Final Approval Order:

(a)      Finding that the Court has personal jurisdiction over Plaintiff and all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement and Settlement Agreement and all exhibits thereto;

(b)      Certifying a Settlement Class for purposes of this Settlement;

(c)      Finding the Settlement Agreement to be fair, reasonable and adequate as to Settlement Class Members and consistent and in compliance with all requirements of due process and applicable law, and directing the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions;

(d)      Declaring the Settlement Agreement and the Final Approval Order and Judgment to be binding on and having res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiff and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(e)      Finding that the Settlement Class Notice Program: (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law, including but not limited to Rule 23, Illinois state law, and that the CAFA Notice sent by Defendants complied with 28 U.S.C. § 1715

15

and all other provisions of the Class Action Fairness Act of 2005;

(f)     Approving the Claim Forms distributed to the Settlement Class;

(g)     Finding that Class Counsel and Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(h)     Dismissing the Action now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Approval Order and Judgment;

(i)     Adjudging that Plaintiff and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against Defendants and the Released Persons;

(j)     Without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, reserving jurisdiction over the Settlement Administrator, Defendants, Plaintiff and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Approval Order and Judgment and for any other necessary purposes;

(k)     Providing that upon entry of the Final Approval Order and Judgment, Plaintiff and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against Defendants and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against Defendant and all Released Persons;

(l)     Determining that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of

any misrepresentation or omission in any statement or written document approved or made by Defendants or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate or enforce the Settlement Agreement;

(m) Barring and permanently enjoining all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(n) Stating that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants and/or any other Released Persons and Class Counsel as a result of the violation;

(o) Approving the Opt-Out List and determining that the Opt-Out List is a conclusive and complete list of all members of the Settlement Class who have timely and effectively requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, and

15

(p)     Authorizing the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Approval Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

2.     No later than **[DATE],** which is fourteen (14) days prior to the Fairness Hearing, Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections. Defendant may, but is not required to, file papers in support of final approval of the Settlement, so long as it does so no later than **[SAME DATE].**

3.     <u>Appearance at Fairness Hearing</u>. Attendance at the Fairness Hearing by Settlement Class Members, including individuals who are objecting to the Settlement, is not necessary; however, any persons intending to appear at the Fairness Hearing and wishing to be heard orally with respect to approval of the Settlement, the application for attorneys' fees and expenses, or the application for payments to the Class Representative, are required to provide written notice of their intention to appear at the Fairness Hearing no later than **[DATE],** which is the Opt-Out and Objection Deadline. Persons who do not intend to oppose the Settlement, attorneys' fees and expenses, or service awards need not take any action to indicate their approval.

4.     <u>Deadline to File Motion for Attorneys' Fees and Service Award</u>: Class Counsel shall file any applications for an Attorneys' Fee Award and a Service Award by no later than **[DATE],** which is fourteen (14) days prior to the Fairness Hearing.

**C.     Objections to Settlement.**

1.     Any Settlement Class Member who intends to object to any aspect of the Settlement, including a request for attorneys' fees and expenses to Class Counsel, or service awards to the Class Representative, must file a written Objection with the Court no later than the Opt-Out and Objection Deadline.  The Settlement Class Member must also serve a copy of the Objection via first-class U.S. mail on Class Counsel and Defense Counsel.  The Objection must include: (a) a reference, in its first

15

sentence, to the Litigation, *Friend v. FGF et al.*, Case No. 1:18-cv-07644 (N.D. Ill. 2018); (b) the Objector's full legal name, residential address, telephone number, and email address (and, if objecting through counsel, the Objector's lawyer's name, business address, telephone number, and email address); (c) a statement describing the Objector's membership in the Settlement Class, including a verification under oath as to the purchase date(s), name of the Products purchased, and the location(s) and name(s) of the retailer(s) from whom the Objector purchased the Products, and all other information required by the Claim Form; (d) a written statement of all grounds for the Objection, accompanied by any legal support for such Objection; (e) copies of any papers, briefs, or other documents upon which the Objection is based; (f) a list of all persons who will be called to testify in support of the Objection; (g) a statement of whether the Objector intends to appear at the Final Approval Hearing;[2] (h) a list of the exhibits that the Objector may offer during the Final Approval Hearing, along with copies of such exhibits; and (i) the Objector's signature. In addition, Settlement Class Members, if applicable, must include with their Objection (a) the identity of all counsel who represent the Objector, including former or current counsel who may be entitled to compensation for any reason related to the Objection; and (b) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or federal, in the United States in the previous five (5) years.

2.       In addition, any attorney hired or retained by, or who otherwise provided legal assistance to, a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee and Expense Award or the Service Award and who intends to make an appearance at the Fairness Hearing, must provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and file with the Court a notice of intention to appear no later than the Opt-Out and Objection Deadline.

---

[2] If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing

15

Papers submitted under Section C. of this Order must be filed electronically with the Court or filed by delivery to:

Clerk
United States District Court for the
Northern District of Illinois
219 South Dearborn
Chicago, IL 60604

Such papers must also be served by mail on Class Counsel and Defense Counsel listed below:

ON BEHALF OF CLASS COUNSEL:

Katrina Carroll
Kyle Shamberg
**CARLSON LYNCH LLP**
111 W. Washington Street
Suite 1240
Chicago, IL 60602

ON BEHALF OF DEFENDANTS:

Diana M. Torres
**KIRKLAND & ELLIS LLP**
2049 Century Park East
Los Angeles, CA 90067
Tel: (213) 680-8338

3. Objection and Opt-Out Deadline. Settlement Class Members who wish to either object to the Settlement or opt out by submitting a request for exclusion must do so by the Opt-Out and Objection Deadline of **[DATE].** Settlement Class Members may not both object and request exclusion. If a Settlement Class Member submits both a request for exclusion and an objection, the request for exclusion will control.

4. Response to Objections. Any response by the Parties to timely, completed objections must be filed with the Court and served no later than fourteen (14) days prior to the Fairness Hearing. The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the

objector was a party in the Action, including the right to take the objector's deposition.

**D.        Procedure for Requesting Exclusion from the Settlement Class**

1.        Any Settlement Class Member who does not wish to participate in the Settlement must submit a Request for Exclusion to the Settlement Administrator stating his or her intention to be "excluded" from the Settlement. The Request for Exclusion must contain the Settlement Class Member's name, current address, and telephone number. The Request for Exclusion must be either (a) personally signed by the Settlement Class Member and dated, mailed, and postmarked to the Settlement Administrator on or before the Opt-Out and Objection Deadline, or (b) electronically signed by the Settlement Class Member and submitted to the Settlement Administrator through the Settlement Website on or before the Opt-Out and Objection Deadline. Multiple, so-called "mass" or "class," opt-outs shall not be allowed. The date of the postmark on the return mailing envelope or date of online submission through the Settlement Website shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted. Any Settlement Class Member whose Request for Exclusion from the Settlement Class is approved by the Court will not be bound by the Settlement and will have no right to object, appeal, or comment thereon.

2.        Except for those members of the Settlement Class who timely and properly file a Request for Exclusion (Opt-Out), all members of the Settlement Class will be deemed Settlement Class Members for all purposes under the Settlement Agreement, and upon the entry of the Final Approval Order and Judgment will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

3.        Any member of the Settlement Class who does not submit a timely, written Request for Exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Action, even if such Settlement Class Member

has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

**E.     The Court Approves the Settlement Class Notice Program**

1.     <u>Settlement Administrator</u>. Pursuant to the Settlement Agreement, XXXXXX is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

2.     <u>Class Notices</u>. The Court approves, as to form and content, the proposed Class Notices, attached as Exhibit B to the Settlement.  The Court finds that the Settlement Class Notice Program outlined in the Declaration of XXXXXXXXX on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23 and due process.

3.     The Court directs the Settlement Administrator to establish a Settlement website, which shall make available copies of this Order, Class Notices, the Settlement Agreement and all Exhibits thereto; instructions on how to submit Claims online, by email, or by mail; Orders of the Court pertaining to the Settlement; and such other information as may be of assistance to Settlement Class Members or required under the Settlement Agreement.

4.     The Settlement Administrator is ordered to cause the Class Notice to be disseminated to Settlement Class Members on or before **[DATE],** which is twenty-eight (28) days from the date of this Order and shall constitute the "Settlement Notice Date" pursuant to the Settlement Agreement and for purposes of this Order.  Except as otherwise stated in the Settlement Agreement, the media-based delivery of the Settlement Class Notice Program shall be completed within 30 days of the Settlement Notice Date.

15

5. The Settlement Administrator shall provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) days after the Opt-Out and Objection Deadline.

6. The Settlement Administrator shall provide Class Counsel an affidavit attesting to the completeness and accuracy of the Opt-Out List, which shall be filed by Class Counsel no later than fourteen (14) days prior to the Fairness Hearing.

7. The Settlement Administrator shall provide Class Counsel  proof of compliance with the Settlement Class Notice Program, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28, U.S.C. § 1715, no later than five (5) calendar days after the Claims Deadline.

**F.**        **Miscellaneous Provisions**

1. <u>Stay</u>. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Action unrelated to the approval of the Settlement are stayed.

2. <u>Preliminary Injunction</u>. Pending final determination of whether the Settlement should be approved, all Settlement Class Members are preliminarily enjoined unless and until they have timely and properly excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or

15

the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants, any other Released Person and Class Counsel as a result of the violation. This provision does not prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

3.     Termination of Settlement. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.

Use of Order. This Order and any filings or proceedings associated with this Order or the Settlement shall not be used by any Party as, or offered or received as evidence of, a presumption, concession or an admission of liability or of the suitability of the Action or any part of it for class treatment in any litigation (including any arbitration or other adversarial process), hearing, or trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement provided for therein solely as may be necessary to effectuate the Settlement Agreement.

4.     Reasonable Procedures to Effectuate the Settlement. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, changes to the form or content of the Class Notice and Claim Forms and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement

Class.

     5.    The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

     6.    <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **[DATE]** | Placeholder date for Order granting preliminary approval (provided for the Court's ease in calculating dates) |
| **[DATE]** [10 days after filing of motion for preliminary approval] | Deadline to serve Class Action Fairness Act notice required by 28 U.S.C. § 1715 |
| **[DATE]** [28 days from the date of the Order granting preliminary approval] | Notice Date |
| **[DATE]** [14 days before the Fairness Hearing] | Deadline to file Motion for Attorneys' Fees and Service Award |
| **[DATE]** [45 days after the Notice Date] | Opt-Out and Objection Deadline |
| **[DATE]** [7 days after the Opt-Out and Objection Deadline] | Deadline for Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel |
| **[DATE]** [90 days after the Notice Date] | Claims Deadline |
| **[DATE]** [14 days before the Fairness Hearing] | Deadline for Plaintiff's Motion and Memorandum in Support of Final Approval, including responses to any Objections |
| **[DATE]** [7 days before the Fairness Hearing] | Deadline for Class Counsel to file Opt-Out List and proof of CAFA Notice and Class Notice |
| **[DATE]** | Fairness Hearing |

**IT IS SO ORDERED.**

Dated: _____       _____

                                                Hon. Robert W. Gettleman
                                                United States District Judge

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EMILY FRIEND, individually and on behalf of a class of similarly situated individuals, | )<br>) |
| | ) Case No. 1:18-cv-07644 |
| *Plaintiff*, | )<br>) |
| | ) Hon. Robert W. Gettleman |
| v. | )<br>) |
| FGF BRANDS (USA), INC., a Delaware Corporation, and FGF BRANDS, INC., a Canadian corporation. | )<br>)<br>) |
| | ) |
| *Defendants*. | ) |

**[PROPOSED] FINAL JUDGMENT ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT, INCENTIVE AWARD AND
ATTORNEYS' FEES AND EXPENSES**

On _____, 201__, the Court granted preliminary approval to the proposed class

action settlement set forth in the Settlement Agreement between Plaintiff Emily Friend, on behalf

of herself and all members of the Settlement Class, and Defendants FGF Brands (USA), Inc.; and

FGF Brands, Inc. ("Defendants") (collectively, the "Parties").[1] The Court also provisionally

certified the Settlement Class for settlement purposes, approved the procedure for giving Class

Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on

_____.

On _____, the Court held a duly noticed Final Approval Hearing to

consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable,

and adequate; (2) whether a judgment should be entered dismissing the operative Complaint on

the merits and with prejudice in favor of Defendants and against all persons or entities who are

---

[1] Capitalized terms not otherwise defined herein have the meaning given them in the Settlement Agreement.

1

Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

## I.     JURISDICTION OF THE COURT

1.     The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2.     The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.     The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes only in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class Members she seeks to represent; (d) Plaintiff has and will

continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II. CERTIFICATION OF SETTLEMENT CLASS

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement:

> All purchasers of Defendants' Products, specifically: (1) Stonefire Original Naan; (2) Stonefire Roasted Garlic Naan; (3) Stonefire Whole Grain Naan; (4) Stonefire Organic Original Naan; (5) Stonefire Original Mini Naan; (6) Stonefire Ancient Grain Mini Naan; (7) Stonefire Naan Dippers; and (8) any other Naan that Defendants produced that was marketed or sold in the United States and that was represented to the purchaser as Naan baked in a tandoor oven, from November 16, 2013 through **[INSERT DATE OF PRELIMINARY APPROVAL ORDER].**

Excluded from the Settlement Class are Defendants and their affiliates, employees, officers, directors, agents, representatives and their immediate family members; class counsel and the judge and magistrate judge who have presided over the Action and their immediate family members and all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with the Settlement Agreement.

## III. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5. The Court finally appoints Carlson Lynch LLP and Gordon Law Offices as Class Counsel for the Settlement Class, with Katrina Carroll of Carlson Lynch LLP as lead counsel.

6. The Court finally designates Plaintiff Emily Friend as the Class Representative.

## IV.  NOTICE AND CLAIMS PROCESS

7.  The Court makes the following findings on notice to the Settlement Class:

(a)  The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object to or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)  The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

(c)  The Court further finds that the Parties, through the Class Action Settlement Administrator, provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite 90-day period to comment or object to the Settlement

before entering its Final Order. No comments or objections were filed by any state or federal government official.

## V.     FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8.     The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members.

## VI.    ADMINISTRATION OF THE SETTLEMENT, ATTONEYS' FEES AND INCENTIVE AWARD

9.     The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to make settlement payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10.     The Court hereby approves Class Counsel's request for attorney fees, costs, and expenses, and awards Class Counsel $_____ as reasonable attorneys' fees and costs, inclusive of the award of reasonable costs incurred in this Action. The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11.     The Court finds Class Counsel's requested fee award appropriate, and hereby awards Class Counsel for their time incurred and expenses advanced. The Court further concludes that the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and _____ Settlement Class Member(s) objected.

13.     The Court awards a Service Award in the amount of $7,500.00 to Plaintiff Emily Friend payable pursuant to the terms of the Settlement Agreement.

## VII.    RELEASE OF CLAIMS

14.     Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendants and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

15.     Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or administrative, regulatory, arbitration, or other proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any Released Claims, (ii) seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the claims and causes of action or the facts and circumstances giving rise to the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement, or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

16.    The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17.    The Releases, which are set forth in the Settlement Agreement and which are also set forth herein, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties are forever released, relinquished, and discharged by the Releasing Persons from all Released Claims.

(a)    The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements of the Settlement Agreement.

(b)    The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c)    The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those individuals in the Settlement Class who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d)    The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The

Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

## VIII. NO ADMISSION OF LIABILITY

18.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a)     offered by any person or received against Defendants or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendants or any Released Party;

(b)     offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission of any fault, wrongdoing or violation of any law by Defendants or any Released Party; or

(c)     offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Settlement Agreement from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement or the Final Approval Order and Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the Settlement (or any agreement or order relating thereto)

8

is an issue, or to enforce or effectuate provisions of the Settlement Agreement, the Final Approval Order and Judgment, or the releases as to the Released Persons..

## IX.  OTHER PROVISIONS

20.     This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.     Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22.     In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

23.     This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

24.     This Final Order and Judgment is a final and appealable decision.

**IT IS SO ORDERED**.

_____
HON. ROBERT W. GETTLEMAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EMILY FRIEND, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| | ) | Case No. 1:18-cv-07644 |
| *Plaintiff*, | ) ) | |
| v. | ) | Hon. Robert W. Gettleman |
| | ) | |
| FGF BRANDS (USA), INC., a Delaware Corporation, and FGF BRANDS, INC., a Canadian corporation. | ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

**STIPULATION AND [PROPOSED] ORDER REGARDING
<u>ATTORNEYS' FEES AND COSTS</u>**

Plaintiff Emily Friend ("Plaintiff"), on behalf of herself and the Settlement Class Members[1],

Class Counsel, and Defendants FGF Brands, Inc. and FGF Brands (USA), Inc. (collectively,

"Defendants") (Plaintiff, Settlement Class Members, Class Counsel and Defendants collectively

referred to herein as "the Parties"), by and through and including their undersigned counsel, stipulate

and agree as follows:

WHEREAS, Class Counsel and/or any eligible lawyer applying for fees hereunder desire to

give an undertaking (the "Undertaking") for repayment of their Attorneys' Fee and Expense Award,

and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in

service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned signatories for Class Counsel, on behalf of themselves

as individuals and as agents for their law firm, and any eligible lawyer applying for fees hereunder

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Parties' [DATE] Settlement Agreement.

1

hereby submit themselves and their respective law firms to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

By receiving any payments pursuant to the Settlement Agreement, Class Counsel and its shareholders, members, and/or partners and any eligible lawyer applying for fees hereunder submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and in the Settlement Agreement.

The obligations of Class Counsel, the signatories below, and any individual lawyer applying for or on whose behalf fees are being sought are joint and several.

In the event that the Final Approval Order or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel and any lawyer who received fees shall, within fourteen (14) days of such event, repay to Defendants the full amount of the attorneys' fees and costs paid by or on behalf of Defendants, including from the Net Settlement Fund, to Class Counsel, including any accrued interest at a rate of 2.5% per annum.

In the event the Attorneys' Fee and Expense Award or any part of it is vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel and any lawyer who received fees shall, within fourteen (14) days of such event, repay to Defendants the attorneys' fees and costs paid by or on behalf of Defendants in the amount vacated or modified. Those sums, including any accrued interest at a rate of 2.5% per annum, shall be repaid pursuant to the terms of the Settlement Agreement. If on appeal the Settlement is approved but the Attorneys' Fee and Expense Award is reduced, then the sums to be repaid to Defendants will become part of the Net Settlement Fund. If the settlement is disapproved along with the Attorneys' Fee and Expense Award, then all sums to be repaid will be returned to Defendants.

This Undertaking and all obligations set forth herein shall expire upon the Effective Date. Until such Effective Date, Class Counsel and any lawyer who received fees shall at all times keep available, in immediately liquid and available funds, an aggregate amount equal to the full amount of the Attorneys' Fee and Expense Award.

In the event Class Counsel and/or any lawyer who received fees fails to repay to Defendants any of attorneys' fees and costs that are owed to Defendants pursuant to this Undertaking, the Court shall, upon application of Defendants, and notice to Class Counsel and any lawyer who received fees, summarily issue orders, including but not limited to judgments and attachment orders against each of Class Counsel and any lawyer who received fees, and may make appropriate findings for sanctions for contempt of court.

The undersigned signatories for Class Counsel and any lawyer who received fees stipulate, warrant, and represent that they have both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of Class Counsel or on behalf of their firms.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:**

DATED:                               **[CLASS COUNSEL LAW FIRM SEEKING FEES]**

_____
By: _____, individually and on behalf of
[CLASS COUNSEL LAW FIRM SEEKING FEES]

*Class Counsel*

DATED:                                    **[NAME OF ANY INDIVIDUAL LAWYER]**

_____


DATED:                                    **KIRKLAND & ELLIS LLP**

_____

By:

_Counsel for Defendants_

## [PROPOSED] ORDER

The Court has considered the above Stipulation and finds that it is in the interests of all

Parties and in service of judicial economy and efficiency. Therefore,

**IT IS SO ORDERED.**

Dated: _____          _____

                                                    Hon. Robert W. Gettleman
                                                    United States District Judge