```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

 EMILY FRIEND, individually and    )
 on behalf of a class of           )
 similarly situated individuals,   )
                                   )
              Plaintiff,           )
                                   )
         vs.                       )   No. 18 C 7644
                                   )
 FGF BRANDS (USA), INC., and       )
 FGF BRANDS, INC.,                 )   Chicago, Illinois
                                   )   October 13, 2020
              Defendants.          )   11:04 a.m.


          TRANSCRIPT OF TELEPHONIC PROCEEDINGS
       BEFORE THE HONORABLE ROBERT W. GETTLEMAN

APPEARANCES:

For the Plaintiff:     CARLSON LYNCH, LLP
                       BY:  MS. KATRINA CARROLL
                       111 West Washington Street, Suite 1240
                       Chicago, Illinois  60602
                       (312) 750-1265


For the Defendants:    KIRKLAND & ELLIS LLP
                       BY:  MS. DIANA M. TORRES
                            MS. LAUREN J. SCHWEITZER
                       555 South Flower Street
                       Los Angeles, California  90071
                       (213) 680-8338

                       KIRKLAND & ELLIS LLP
                       BY:  MS. ROBYN E. BLADOW
                       333 South Hope Street, Suite 2900
                       Los Angeles, California  90071
                       (213) 680-8634


Official Court Reporter:  NANCY L. BISTANY, CSR, RPR, FCRR
                          219 South Dearborn Street, Room 1706
                          Chicago, Illinois 60604
                          (312) 435-7626
                          nancy_bistany@ilnd.uscourts.gov
```

1   APPEARANCES: (Continued)

2
    For the Defendants:        KIRKLAND & ELLIS LLP
3                              BY: MS. MEGAN M. NEW
                               300 North LaSalle Street
4                              Chicago, Illinois  60654
                               (312) 862-7439
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              (Proceedings heard telephonically and in open court:)
 2              THE CLERK:  18 C 7644, Emily Friend versus FGF Brands
 3    (USA), Incorporated.
 4              If plaintiff's counsel can please identify themselves
 5    and then defense counsel.  And please state your name each time
 6    you speak.
 7              MS. CARROLL:  Judge, good morning.
 8              Yes.  Katrina Carroll from Carlson Lynch on behalf of
 9    plaintiff Emily Friend and the putative class.
10              MS. TORRES:  Good morning, Your Honor.
11              Diana Torres, Kirkland & Ellis, on behalf of the FGF
12    defendants.
13              THE CLERK:  If you've just called in from
14    (714) 357-4762, can you please identify yourself?
15              MS. BLADOW:  Yes.  Hello.  Robyn Bladow for FGF
16    Brands.
17              THE CLERK:  Can you spell your last name, please?
18              MS. BLADOW:  Sure.  B-l-a-d-o-w.
19              THE CLERK:  Thank you.  We have called the case, so
20    if any other counsel have come on that haven't identified
21    themselves, please state your name now.  And, again, state your
22    name each time you speak.
23              THE COURT:  All right.  This is here on the
24    plaintiff's motion for a preliminary approval.  I have a number
25    of questions about the proposed settlement here.
```

1           I understand the basic terms.  The defendant is
2 contributing 1,895,000, from which up to, I guess, 500,000 in
3 administrative costs will be deducted, along with attorneys'
4 fees to be approved later by the Court, and that the class
5 members who submit a claim form will be entitled to up to four
6 purchases that will be reimbursed at $2.50 apiece so they can
7 get up to $10 without a proof of purchase.  If they have a
8 proof of purchase, then it can be as many proof of purchases as
9 they have.

10           So that brings me to one of my first questions.
11 Let's say they have two proofs of purchases, and they put down
12 four additional claims without proof of purchase.  It's unclear
13 to me whether then they would get six, I guess, for a total of
14 $15 rather than either the $5 or the $10.

15           Can somebody answer that question?

16           MS. CARROLL:  I can.  Katrina Carroll, Judge.

17           And just one small clarification, is the class
18 members are actually allowed to submit for up to five purchases
19 at $2.50 without a proof of purchase.  And then if they have,
20 you know, a proof of purchase for additional purchases, then
21 they can submit their proof.

22           The way I was envisioning it -- and I don't know that
23 the parties had discussed this exact scenario -- but, you know,
24 the way I would envision it is that there would be, you know, a
25 maximum for the five.  But if someone said that they had six,

1  we would give them the six because the proof of purchase would
2  go to the initial -- you know, to the additional purchase.
3      So like, in other words, if somebody had said, you
4  know, I bought seven and then gave the extra proof of
5  purchases, I think those would go to the additional two.  And
6  so we would give them, you know, the seven, the first five
7  without the proof of purchase and then the extra two with the
8  proof of purchase.
9      But we really haven't discussed that among counsel,
10 so I think that would just be our position on behalf of
11 plaintiff, but defendants may have a differing view.
12     MS. TORRES:  This is Diana Torres.  I have the same
13 view.
14     THE COURT:  Okay. Fine.  You're right.  I stand
15 corrected.  It was five, not four.
16     Okay.  Well, that answered my first question.
17     My most serious question -- and then I have some
18 comments on the claim form.  I don't have any problem basically
19 approving the general settlement preliminarily at this point.
20 Let's see if we get any objections and obviously take those
21 into consideration.
22     But I'm concerned about the notice and how you intend
23 to distribute the notice of this.  You say it's media based.
24 I'm not sure what that means.
25     Can you tell me what that means?

1    MS. CARROLL: It's Katrina Carroll, Judge.
2    Absolutely. And let me just preface this by saying
3    that we have retained a firm, KCC. They're listed in the
4    settlement agreement. And our selection of KCC, which is a
5    very reputable and large company that is specialized in notice
6    and administration services -- our selection of KCC was part of
7    a competitive bidding process with other administrators that
8    are also well experienced in the field.
9    We picked KCC because of the level of detail that KCC
10   provided to us in terms of the media plan that is being
11   proposed here.
12   And, Judge, if you would like a copy of that
13   proposal, which really goes into the nitty-gritty on what --
14   you know, how they came up with their plan, then we're happy to
15   submit that for the Court's review and approval.
16   But basically, you know, because this is a food
17   products case, this not a case where direct mail notice is --
18   is a possibility because we don't know or -- and can't tell
19   based on defendants' records who exactly is in the class,
20   because the class consists of people who bought these products
21   from various retailers.
22   So knowing that direct notice to the class is not a
23   possibility here, because other food cases typically recognize
24   this issue, we constructed a very detailed media notice plan
25   that is targeted by the administrator to find the class members

1  that bought these products.

2  And, you know, if the Court were to examine the
3  proposal that we got, which is how we're proceeding, KCC
4  conducted a very detailed analysis of the demographics of, you
5  know, what these types of purchasers look like. And, you know,
6  some of the categories are, you know, people who like
7  gourmet-type artisanal food products. They've broken it down
8  for us by target demographics, such as, you know, the age of
9  the person, the education level of the person. They get very,
10 very specific because there's a lot of information available to
11 them via social media and others.

12 So they've designed a very targeted campaign for us
13 based on the research that they've done and the demographics
14 that they've seen of people who are likely to purchase this
15 product, and the notice is designed to reach those people at
16 the 70 percent level, which is what the Federal Judicial Center
17 guidelines prescribe.

18 So that is the way it's supposed to work. And to the
19 extent the Court wants more detail on it, we are happy to
20 provide the proposal that we have from KCC for further review
21 and analysis.

22 THE COURT: I think I would like to look that over
23 just to be comfortable with it since I have not dealt with a
24 food products case before.

25 I have dealt with a lot of class action notices, and

| | |
|---|---|
| 1 | I know they can be difficult and challenging, but I would like |
| 2 | to see that. |
| 3 | Hold on.  I'm just making a note to myself. |
| 4 | MS. CARROLL:  Judge, would you like us to submit that |
| 5 | to your proposed order in-box or -- |
| 6 | THE COURT:  That would fine. |
| 7 | MS. CARROLL:  -- would you like us to file it? |
| 8 | THE COURT:  It's not a proposed order.  You can go |
| 9 | ahead and file it.  I think the public should have this in the |
| 10 | record.  So go ahead and file it if you don't mind.  Can you do |
| 11 | that pretty quickly? |
| 12 | MS. CARROLL:  Absolutely. |
| 13 | THE COURT:  I'm just making a note here.  Okay. |
| 14 | All right.  So assuming that that's okay, I don't |
| 15 | have much problem with the rest of it.  Obviously, the fee |
| 16 | issue will be decided at the -- at the hearing. |
| 17 | So let me go over -- let me go over the notice with |
| 18 | you, because I always think that that's probably as important |
| 19 | as anything else in these types of class settlements. |
| 20 | So if you would get out your proposed copy of the |
| 21 | notice.  It starts page 43 in the filing.  Do you have it in |
| 22 | front of you there? |
| 23 | MS. CARROLL:  Yes, Judge. |
| 24 | THE COURT:  First of all, at the bottom of each page, |
| 25 | where you have "Questions," I like that, but right under that, |

put in bold letters just like you have there, "Do not call the Court or the Judge" on each page. Or actually, "Do not contact the Court or the Judge."

MS. CARROLL: Got it.

THE COURT: I wish I could tell you I had confidence that that will be observed, but we try our best.

On page -- I'm looking at the file -- at the ECF page. It's actually page 5 of the notice now that I look at it.

You'll obviously be putting in numbers there. The hearing date I guess we will talk about when we talk about the order itself.

Under Number 10, after the first sentence there about the hearing, add a sentence saying, "This date is subject to change by the Court."

And in the first sentence where you have, "will hold a hearing," I want you to add after the word "hearing," "in person or by video," because we don't know what's going to be happening when this takes place. We'll make that same change in the order itself.

Once we finish talking here, you'll have -- you'll be submitting another final copy of the order with all of the dates and numbers and addresses and stuff like that put into it.

On page 6 under Number 16, in that second sentence,

```
 1  "You can only get a payment," you should add the words, "from
 2  this settlement," if you stay in the class.
 3          On page 7, Number 21, "The Court will hold a Final
 4  Approval Hearing," again, you should say, "in person or by
 5  video."
 6          I generally like the way you put the notice together.
 7  It's a good, easily understood thing.
 8          All right.  On the proposed order, which is the next
 9  document, you start with page 15, and you end with page 15.
10  Every page is page 15.
11          MS. CARROLL:  Oh, no.
12          THE COURT:  So please fix that.
13          MS. CARROLL:  Judge, I've got the PDF open, so if you
14  want to refer to pages of the PDF from the filing, I can follow
15  along.
16          THE COURT:  Okay.  Good.  Very good.
17          So on page 55 of the document Number 119-1, do you
18  have that in front of you?
19          MS. CARROLL:  Yes, Judge.
20          THE COURT:  It's also page 15 the way you have it.
21          "The Court will hold a Fairness Hearing," again, "in
22  person or by video."  And that refers to the notice program,
23  which, of course, I'm going to take a look at before I do
24  anything like this.
25          Okay.  I think they took care of that.  There's one
```

1  other.  No, I guess I think we took care of that.
2           Okay.  I think that's really all the comments that I
3  have at this point.  So if you would get me the notice program
4  to look at and a new copy of the proposed notice itself to
5  conform with our discussion today fairly quickly, I think that
6  I can get this approved with a preliminary order approved.  And
7  we can -- you know, then you'd be able to insert the dates and
8  the order itself on the notice.
9           Okay.  So, Ms. Carroll, how quickly can you do that?
10          MS. CARROLL:  I would expect that we can turn that
11 around right away.  I might want to just wait for a transcript
12 from the court reporter just to make sure that we didn't miss
13 anything in terms of the Court's line edits.  I think I have
14 everything, but I don't want to turn anything in that's
15 inaccurate or wrong.
16          So assuming the transcript is ready within the next,
17 you know, day or so -- I'm not sure how backed up, you know,
18 the court reporter might be but --
19          THE COURT:  Well, let's ask Nancy right now.
20          Nancy, how quickly can you get them the transcript?
21          THE COURT REPORTER:  If you submit the order today, I
22 will get back to you right away.  You have to go online to
23 submit the transcript order.  Thank you.
24          THE COURT:  Okay.  So let's say you can get that to
25 me by next --

|   |   |
|---|---|
| 1 | MS. CARROLL: I think by Friday should work, Judge. |
| 2 | THE COURT: Okay. That would be great. That would |
| 3 | be great. Okay. And then maybe we can -- do we have room on |
| 4 | the 22nd? |
| 5 | THE CLERK: Yes, Your Honor. We can fit them in |
| 6 | at -- hang on. I'm on the wrong date. I'm sorry. 9:00 -- |
| 7 | well, you want them by themselves. So 10:30, Your Honor. |
| 8 | THE COURT: What is the criminal case we have -- |
| 9 | THE CLERK: We have Osadzinski at 10:00. |
| 10 | THE COURT: Okay. You don't think that will take |
| 11 | more than a half hour? All right. Let's say 10:30. |
| 12 | So you're going to get me the program itself -- |
| 13 | hopefully it's not too difficult -- to look at, the new notice |
| 14 | and a new order -- |
| 15 | MS. CARROLL: Yes, Judge. |
| 16 | THE COURT: -- by Friday. And then on the 22nd, |
| 17 | hopefully we can get it all taken care of. |
| 18 | All right. Good. Glad you were able to get this |
| 19 | done. My old friend, Mort Denlow, comes through once again. |
| 20 | MS. CARROLL: Thank you, Your Honor. |
| 21 | THE COURT: Okay. Take care, everybody. |
| 22 | MS. TORRES: Thank you, Your Honor. |
| 23 | (Proceedings concluded.) |
| 24 | |
| 25 | |

C E R T I F I C A T E

I, Nancy L. Bistany, certify that the foregoing is a complete, true, and accurate transcript from the telephonic record of proceedings on October 13, 2020, before the HON. ROBERT W. GETTLEMAN in the above-entitled matter.

/s/ Nancy L. Bistany, CSR, RPR, FCRR          October 13, 2020
     Official Court Reporter                  Date
     United States District Court
     Northern District of Illinois
     Eastern Division