IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMILY FRIEND, individually and on behalf of a class of similarly situated individuals, <br><br> *Plaintiff*, <br><br> v. <br><br> FGF BRANDS (USA), INC., a Delaware Corporation, and FGF BRANDS, INC., a Canadian corporation. <br><br> *Defendants*. | Case No. 1:18-cv-07644 <br><br> Hon. Robert W. Gettleman |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, under Federal Rule of Civil Procedure 23(e). Based on this Court's review of the Parties' Settlement Agreement and Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, and all accompanying exhibits, files and submissions,

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.    The Settlement Class**

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2. <u>Jurisdiction</u>. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over Plaintiff and Defendants FGF Brands, Inc. and FGF Brands (USA), Inc.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. <u>Preliminary Findings</u>. The Court has conducted a preliminary assessment of the

1

fairness, reasonableness, and adequacy of the Settlement as set forth in the Settlement Agreement. Based on this preliminary evaluation, the Court finds that (a) the Settlement falls within the range of reasonableness meriting further proceedings and possible final approval; (b) the Settlement Agreement has been negotiated in good faith and at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) dissemination of the notice of the material terms of the Settlement Agreement to Settlement Class Members for their consideration and reaction is warranted. The Court therefore grants preliminary approval of the Settlement.

4. <u>Provisional Certification of Settlement Class</u>. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby provisionally certifies this action as a class action on behalf of the following Settlement Class:

> All purchasers of Defendants' Products, specifically: (1) Stonefire Original Naan; (2) Stonefire Roasted Garlic Naan; (3) Stonefire Whole Grain Naan; (4) Stonefire Organic Original Naan; (5) Stonefire Original Mini Naan; (6) Stonefire Ancient Grain Mini Naan; (7) Stonefire Naan Dippers; and (8) any other Naan that Defendants produced that was marketed or sold in the United States and that was represented to the purchaser as Naan baked in a tandoor oven, from November 16, 2013 through the date of this order.[1]

5. In connection with this provisional certification for settlement purposes, the Court makes the following preliminary findings for settlement purposes only:

    a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    b. There appear to be questions of fact or law common to the Settlement Class for purposes of determining whether the Settlement should be approved;

---

[1] As set forth in the Settlement Agreement, specifically excluded from the Settlement Class are Defendants and their affiliates, employees, officers, directors, agents, representatives and their immediate family members; class counsel and the judge and magistrate judge who have presided over the Action and their immediate family members.

2

   c. Plaintiff's claims appear to be typical of the claims of the Settlement Class Members she seeks to represent;

   d. Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement.

   e. For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

   f. For purposes of settlement, certification of the Settlement Class appears to be superior to other available means for the fair and efficient settlement of the claims of the Settlement Class.

  6. <u>Appointment of Class Representative</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that, for purposes of the Settlement, Plaintiff Emily Friend is a member of the Settlement Class and that, for Settlement purposes only, she satisfies the requirement that she will adequately represent the interests of the Settlement Class Members. The Court hereby appoints the named Plaintiff Emily Friend as Class Representative of the Settlement Class.

  7. <u>Appointment of Class Counsel</u>. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having reviewed the submissions of Plaintiff's counsel and the work performed by Plaintiff's counsel thus far in this litigation, the Court finds that Carlson Lynch LLP (Katrina Carroll, lead counsel) and Gordon Law Offices, Ltd. will fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court hereby appoints Carlson Lynch and Gordon Law Offices as Class Counsel, with Katrina Carroll of Carlson Lynch as lead counsel, to represent the Settlement Class.

**B.      The Fairness Hearing**

1.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing in person or by video **on February 16, 2021 at 10:30 a.m.,** for the purpose of determining whether to issue a Final Approval Order:

(a)      Finding that the Court has personal jurisdiction over Plaintiff and all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement and Settlement Agreement and all exhibits thereto;

(b)      Certifying a Settlement Class for purposes of this Settlement;

(c)      Finding the Settlement Agreement to be fair, reasonable and adequate as to Settlement Class Members and consistent and in compliance with all requirements of due process and applicable law, and directing the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions;

(d)      Declaring the Settlement Agreement and the Final Approval Order and Judgment to be binding on and having res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiff and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(e)      Finding that the Settlement Class Notice Program: (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all

4

requirements of due process and any other applicable law, including but not limited to Rule 23, Illinois state law, and that the CAFA Notice sent by Defendants complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005;

    (f)  Approving the Claim Forms distributed to the Settlement Class;

    (g)  Finding that Class Counsel and Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

    (h)  Dismissing the Action now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Approval Order and Judgment;

    (i)  Adjudging that Plaintiff and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against Defendants and the Released Persons;

    (j)  Without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, reserving jurisdiction over the Settlement Administrator, Defendants, Plaintiff and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Approval Order and Judgment and for any other necessary purposes;

    (k)  Providing that upon entry of the Final Approval Order and Judgment, Plaintiff and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against Defendants and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against Defendant and all Released Persons;

    (l)  Determining that the Settlement Agreement and the Settlement provided

for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendants or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate or enforce the Settlement Agreement;

(m) Barring and permanently enjoining all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(n) Stating that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants and/or any other Released Persons and Class Counsel as a result of the violation;

(o) Approving the Opt-Out List and determining that the Opt-Out List is a conclusive and complete list of all members of the Settlement Class who have timely and

effectively requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, and

    (p)  Authorizing the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Approval Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

  2.  No later than **February 2, 2020,** which is fourteen (14) days prior to the Fairness Hearing, Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections. Defendant may, but is not required to, file papers in support of final approval of the Settlement, so long as it does so no later than **February 2, 2020.**

  3.  <u>Appearance at Fairness Hearing</u>. Attendance at the Fairness Hearing by Settlement Class Members, including individuals who are objecting to the Settlement, is not necessary; however, any persons intending to appear at the Fairness Hearing and wishing to be heard orally with respect to approval of the Settlement, the application for attorneys' fees and expenses, or the application for payments to the Class Representative, are required to provide written notice of their intention to appear at the Fairness Hearing no later than **January 4, 2021,** which is the Opt-Out and Objection Deadline. Persons who do not intend to oppose the Settlement, attorneys' fees and expenses, or service awards need not take any action to indicate their approval.

  4.  <u>Deadline to File Motion for Attorneys' Fees and Service Award</u>: Class Counsel shall file any applications for an Attorneys' Fee Award and a Service Award by no later than **February 2, 2021,** which is fourteen (14) days prior to the Fairness Hearing.

**C.**  **Objections to Settlement.**

  1.  Any Settlement Class Member who intends to object to any aspect of the Settlement, including a request for attorneys' fees and expenses to Class Counsel, or service awards to the Class Representative, must file a written Objection with the Court no later than the Opt-Out and Objection

7

Deadline. The Settlement Class Member must also serve a copy of the Objection via first-class U.S. mail on Class Counsel and Defense Counsel. The Objection must include: (a) a reference, in its first sentence, to the Litigation, *Friend v. FGF et al.*, Case No. 1:18-cv-07644 (N.D. Ill. 2018); (b) the Objector's full legal name, residential address, telephone number, and email address (and, if objecting through counsel, the Objector's lawyer's name, business address, telephone number, and email address); (c) a statement describing the Objector's membership in the Settlement Class, including a verification under oath as to the purchase date(s), name of the Products purchased, and the location(s) and name(s) of the retailer(s) from whom the Objector purchased the Products, and all other information required by the Claim Form; (d) a written statement of all grounds for the Objection, accompanied by any legal support for such Objection; (e) copies of any papers, briefs, or other documents upon which the Objection is based; (f) a list of all persons who will be called to testify in support of the Objection; (g) a statement of whether the Objector intends to appear at the Final Approval Hearing;[2] (h) a list of the exhibits that the Objector may offer during the Final Approval Hearing, along with copies of such exhibits; and (i) the Objector's signature. In addition, Settlement Class Members, if applicable, must include with their Objection (a) the identity of all counsel who represent the Objector, including former or current counsel who may be entitled to compensation for any reason related to the Objection; and (b) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or federal, in the United States in the previous five (5) years.

    2.    In addition, any attorney hired or retained by, or who otherwise provided legal assistance to, a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee and Expense Award or the Service Award and who intends to make an appearance at the Fairness Hearing, must

---

[2] If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing

provide to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) and file with the Court a notice of intention to appear no later than the Opt-Out and Objection Deadline.

Papers submitted under Section C. of this Order must be filed electronically with the Court or filed by delivery to:

>Clerk
>United States District Court for the
>Northern District of Illinois
>219 South Dearborn
>Chicago, IL 60604

Such papers must also be served by mail on Class Counsel and Defense Counsel listed below:

ON BEHALF OF CLASS COUNSEL:

Katrina Carroll
Kyle Shamberg
**CARLSON LYNCH LLP**
111 W. Washington Street
Suite 1240
Chicago, IL 60602


ON BEHALF OF DEFENDANTS:

Diana M. Torres
**KIRKLAND & ELLIS LLP**
2049 Century Park East
Los Angeles, CA 90067
Tel: (213) 680-8338


3. <u>Objection and Opt-Out Deadline</u>. Settlement Class Members who wish to either object to the Settlement or opt out by submitting a request for exclusion must do so by the Opt-Out and Objection Deadline of **January 4, 2021.** Settlement Class Members may not both object and request exclusion. If a Settlement Class Member submits both a request for exclusion and an objection, the request for exclusion will control.

4. <u>Response to Objections</u>. Any response by the Parties to timely, completed objections must be

filed with the Court and served no later than fourteen (14) days prior to the Fairness Hearing. The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Action, including the right to take the objector's deposition.

**D.        Procedure for Requesting Exclusion from the Settlement Class**

1.        Any Settlement Class Member who does not wish to participate in the Settlement must submit a Request for Exclusion to the Settlement Administrator stating his or her intention to be "excluded" from the Settlement. The Request for Exclusion must contain the Settlement Class Member's name, current address, and telephone number. The Request for Exclusion must be either (a) personally signed by the Settlement Class Member and dated, mailed, and postmarked to the Settlement Administrator on or before the Opt-Out and Objection Deadline, or (b) electronically signed by the Settlement Class Member and submitted to the Settlement Administrator through the Settlement Website on or before the Opt-Out and Objection Deadline. Multiple, so-called "mass" or "class," opt-outs shall not be allowed. The date of the postmark on the return mailing envelope or date of online submission through the Settlement Website shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted. Any Settlement Class Member whose Request for Exclusion from the Settlement Class is approved by the Court will not be bound by the Settlement and will have no right to object, appeal, or comment thereon.

2.        Except for those members of the Settlement Class who timely and properly file a Request for Exclusion (Opt-Out), all members of the Settlement Class will be deemed Settlement Class Members for all purposes under the Settlement Agreement, and upon the entry of the Final Approval Order and Judgment will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

3.        Any member of the Settlement Class who does not submit a timely, written Request for Exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by

all proceedings, orders and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

**E.        The Court Approves the Settlement Class Notice Program**

    1.        <u>Settlement Administrator</u>. Pursuant to the Settlement Agreement, KCC is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

    2.        <u>Class Notices</u>. The Court approves, as to form and content, the proposed Class Notices, attached as Exhibit B to the Settlement.  The Court finds that the Settlement Class Notice Program outlined in the Declaration of Carla Peak on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23 and due process.

    3.        The Court directs the Settlement Administrator to establish a Settlement website, which shall make available copies of this Order, Class Notices, the Settlement Agreement and all Exhibits thereto; instructions on how to submit Claims online, by email, or by mail; Orders of the Court pertaining to the Settlement; and such other information as may be of assistance to Settlement Class Members or required under the Settlement Agreement.

    4.        The Settlement Administrator is ordered to cause the Class Notice to be disseminated to Settlement Class Members on or before **November 20, 2020,** which is twenty-eight (28) days from the date of this Order and shall constitute the "Settlement Notice Date" pursuant to the Settlement Agreement and for purposes of this Order.  Except as otherwise stated in the Settlement Agreement, the media-based delivery of the Settlement Class Notice Program

11

shall be completed within 30 days of the Settlement Notice Date.

     5.     The Settlement Administrator shall provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven (7) days after the Opt-Out and Objection Deadline.

     6.     The Settlement Administrator shall provide Class Counsel an affidavit attesting to the completeness and accuracy of the Opt-Out List, which shall be filed by Class Counsel no later than fourteen (14) days prior to the Fairness Hearing.

     7.     The Settlement Administrator shall provide Class Counsel proof of compliance with the Settlement Class Notice Program, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28, U.S.C. § 1715, no later than five (5) calendar days after the Claims Deadline.

**F.**     **Miscellaneous Provisions**

     1.     <u>Stay</u>. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Action unrelated to the approval of the Settlement are stayed.

     2.     <u>Preliminary Injunction</u>. Pending final determination of whether the Settlement should be approved, all Settlement Class Members are preliminarily enjoined unless and until they have timely and properly excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out

of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants, any other Released Person and Class Counsel as a result of the violation. This provision does not prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

3. <u>Termination of Settlement</u>. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.

4. <u>Use of Order</u>. This Order and any filings or proceedings associated with this Order or the Settlement shall not be used by any Party as, or offered or received as evidence of, a presumption, concession or an admission of liability or of the suitability of the Action or any part of it for class treatment in any litigation (including any arbitration or other adversarial process), hearing, or trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement provided for therein solely as may be necessary to effectuate the Settlement Agreement.

5. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, changes to the form or content of the Class Notice and Claim Forms and other exhibits that they jointly agree are reasonable and

13

necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement Class.

6. The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

7. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **November 2, 2020** [10 days after filing of motion for preliminary approval] | Deadline to serve Class Action Fairness Act notice required by 28 U.S.C. § 1715 |
| **November 20, 2020** [28 days from the date of the Order granting preliminary approval] | Notice Date |
| **February 2, 2021** [14 days before the Fairness Hearing] | Deadline to file Motion for Attorneys' Fees and Service Award |
| **January 4, 2021** [45 days after the Notice Date] | Opt-Out and Objection Deadline |
| **January 11, 2021** [7 days after the Opt-Out and Objection Deadline] | Deadline for Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel |
| **February 18, 2021** [90 days after the Notice Date] | Claims Deadline |
| **February 2, 2021** [14 days before the Fairness Hearing] | Deadline for Plaintiff's Motion and Memorandum in Support of Final Approval, including responses to any Objections |
| **February 9, 2021** [7 days before the Fairness Hearing] | Deadline for Class Counsel to file Opt-Out List and proof of CAFA Notice and Class Notice |
| **February 16, 2021** | Fairness Hearing |

**IT IS SO ORDERED.**

Dated: October 23, 2020

Hon. Robert W. Gettleman
United States District Judge

14