IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMILY FRIEND, individually and on behalf of a class of similarly situated individuals, </br></br>    *Plaintiff*, </br></br>  v. </br></br>FGF BRANDS (USA), INC., a Delaware Corporation, and FGF BRANDS, INC., a Canadian corporation. </br></br>    *Defendants*. | Case No. 1:18-cv-07644 </br></br> Hon. Robert W. Gettleman |

**FINAL JUDGMENT ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT, INCENTIVE AWARD AND
ATTORNEYS' FEES AND EXPENSES**

On October 23, 2020, the Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement between Plaintiff Emily Friend, on behalf of herself and all members of the Settlement Class, and Defendants FGF Brands (USA), Inc.; and FGF Brands, Inc. ("Defendants") (collectively, the "Parties").[1] The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on February 16, 2021.

On February 16, 2021, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the operative Complaint on the merits and with prejudice in favor of Defendants and against all persons or entities who are

---

[1] Capitalized terms not otherwise defined herein have the meaning given them in the Settlement Agreement.

1

Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

**I.        JURISDICTION OF THE COURT**

1.        The Court has personal jurisdiction over the Parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2.        The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.        The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes only in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class Members she seeks to represent; (d) Plaintiff has and will

continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II. CERTIFICATION OF SETTLEMENT CLASS

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement:

> All purchasers of Defendants' Products, specifically: (1) Stonefire Original Naan; (2) Stonefire Roasted Garlic Naan; (3) Stonefire Whole Grain Naan; (4) Stonefire Organic Original Naan; (5) Stonefire Original Mini Naan; (6) Stonefire Ancient Grain Mini Naan; (7) Stonefire Naan Dippers; and (8) any other Naan that Defendants produced that was marketed or sold in the United States and that was represented to the purchaser as Naan baked in a tandoor oven, from November 16, 2013 through October 23, 2020.

Excluded from the Settlement Class are Defendants and their affiliates, employees, officers, directors, agents, representatives and their immediate family members; class counsel and the judge and magistrate judge who have presided over the Action and their immediate family members and all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with the Settlement Agreement.

## III. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5. The Court finally appoints Carlson Lynch LLP and Gordon Law Offices as Class Counsel for the Settlement Class, with Katrina Carroll of Carlson Lynch LLP as lead counsel.

6. The Court finally designates Plaintiff Emily Friend as the Class Representative.

## IV. NOTICE AND CLAIMS PROCESS

7. The Court makes the following findings on notice to the Settlement Class:

(a) The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object to or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b) The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

(c) The Court further finds that the Parties, through the Class Action Settlement Administrator, provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite 90-day period to comment or object to the Settlement before entering its Final Order. No comments or objections were filed by any state or federal government official.

V. **FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

8. The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members.

## VI. ADMINISTRATION OF THE SETTLEMENT, ATTONEYS' FEES AND INCENTIVE AWARD

9. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to make settlement payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10. The Court hereby approves Class Counsel's request for attorney fees, costs, and expenses, and awards Class Counsel $631,603.50 as reasonable attorneys' fees and $18,699.67 as reasonable costs incurred in this Action. The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11. The Court finds Class Counsel's requested fee award appropriate, and hereby awards Class Counsel for their time incurred and expenses advanced. The Court further concludes that the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and no Settlement Class Member(s) objected.

13. The Court awards a Service Award in the amount of $7,500.00 to Plaintiff Emily Friend payable pursuant to the terms of the Settlement Agreement.

## VII. RELEASE OF CLAIMS

14. Upon entry of this Final Approval Order, all members of the Class who did not

validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendants and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

15. Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or administrative, regulatory, arbitration, or other proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any Released Claims, (ii) seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the claims and causes of action or the facts and circumstances giving rise to the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement, or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

16. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17. The Releases, which are set forth in the Settlement Agreement and which are also set forth herein, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties are forever released, relinquished, and discharged by the Releasing Persons from all Released Claims.

(a) The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements of the Settlement Agreement.

(b) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those individuals in the Settlement Class who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

**VIII. NO ADMISSION OF LIABILITY**

18. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Defendants or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendants or any Released Party;

(b) offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission of any fault, wrongdoing or violation of any law by Defendants or any Released Party; or

(c) offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Settlement Agreement from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement or the Final Approval Order and Judgment, or in which the reasonableness, fairness, or good faith of the Parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement Agreement, the Final Approval Order and Judgment, or the releases as to the Released Persons..

## IX. OTHER PROVISIONS

20. This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22. In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

23. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

24. This Final Order and Judgment is a final and appealable decision.

**IT IS SO ORDERED**.

*[signature: Robert W. Gettleman]*

HON. ROBERT W. GETTLEMAN
UNITED STATES DISTRICT JUDGE

**Date: February 16, 2021**

9